**Fatmir VISHA, Petitioner,**

v.

**IMMIGRATION AND NATURALIZATION SERVICE, Hon. John Ashcroft, Attorney General, Respondents.**

**No. 00–3446.**

United States Court of Appeals, Sixth Circuit.

Nov. 13, 2002.

Before KEITH, KENNEDY, and MOORE, Circuit Judges.

KENNEDY, Circuit Judge.

Fatmir Visha petitions for review of an order of the Board of Immigration Appeals denying his application for asylum and withholding of removal. For the reasons set forth below, we **AFFIRM** .the BIA order.

## I.

Fatmir Visha (Visha) is a native and citizen of Albania and a Muslim convert to Christianity. Visha was admitted to the United States in 1996 as a non-immigrant student to attend missionary school in Cincinnati, Ohio. The Immigration and Naturalization Service (INS) charged Visha as removable for failure to maintain the conditions of his non-immigrant student status when he failed to attend school after January 30, 1998. Visha conceded his deportability on the grounds charged.

To avoid deportation, Visha filed an application for asylum under 8 U.S.C. § 1158(a). In brief, Visha's asylum appli-

cation stated that as a well-known and outspoken Muslim convert to Christianity, Visha was harassed and threatened by members of the Albanian Muslim community. Visha also stated that, if returned to Albania, he feared being killed by Muslims. A hearing on Visha's asylum application was held on July 20, 1998 before an Immigration Judge (IJ). Because the recording equipment did not operate properly during the hearing, the court reconstructed the testimony using its notes. According to the court's notes, Visha testified that he sought asylum because he feared Muslims would try to kill him if he returned to Albania. He further testified that he had been the target of harassing and threatening behavior on the part of Muslims on several occasions. Visha's witness, Jim Pish, testified that he was unaware of whether Visha or any other Albanian Christians suffered persecution, though he knew of one Albanian Christian who fled the country for political reasons. Visha's counsel stipulated to the accuracy of the court's reconstruction of Visha and Pish's testimony.

The IJ ultimately denied Visha's application for asylum and withholding of deportation because Visha failed to establish that he qualified as a refugee under 8 U.S.C. § 1102(a)(42)(A). Although the IJ found Visha's testimony credible and his fear of future persecution subjectively genuine, he concluded that Visha failed to prove past persecution or demonstrate an objective basis for his fear of future persecution. On March 15, 2000, the Board of Immigration Appeals (BIA) denied Visha's appeal. On April 13, 2000, Visha filed a timely petition for review by this Court.

## II.

### A. Asylum Petition and Evidence of Changed Country Conditions

The BIA found, as did the IJ, that Visha failed to carry his burden of proof in establishing that he suffered past persecution in Albania on account of his religious activities and that he failed to demonstrate an objective basis for his claimed fear of future persecution. Consequently, we must decide whether the BIA correctly determined that Visha failed to sustain his burden of proof. BIA "findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C.A. § 1252(b)(4)(B) (1999). Thus, we may reverse only if the evidence presented by Visha would compel a reasonable factfinder to reach a conclusion contrary to that of the BIA.

A refugee is defined as a person who is unable or unwilling to return to his or her country of origin "because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C.A. § 1101(a)(42)(A) (1999). "Persecution, for the purposes of proving eligibility for refugee status, requires more than a few isolated incidents of verbal harassment or intimidation, unaccompanied by any physical punishment, infliction of harm, or significant deprivation of liberty." *Mikhailevitch v. I.N.S.*, 146 F.3d 384, 390 (6th Cir.1998). An alien may qualify as a refugee if he or she has suffered actual past persecution or because he or she has a well-founded fear of future persecution. 8 C.F.R. § 208.13(b) (2002). An alien who establishes past persecution is presumed to have a well-founded fear of future persecution. § 208.13(b)(1)(i). Alternatively, an alien may establish a well-founded fear of future persecution by showing that he or she has (1) a subjectively genuine and (2) an objectively reasonable fear of persecution. *Mikhailevitch*, 146 F.3d at 389 (summarizing 8 C.F.R. § 208.13(b)(2)). An alien bears the burden of establishing that

he or she qualifies for refugee status and an alien's credible testimony "may be sufficient to sustain the burden of proof without corroboration." 8 C.F.R. § 208.13(a).

Visha points to the following testimony in support of his contention that he suffered past persecution. His testimony that, in 1995, unidentified people pulled down a screen while he was showing a movie about Jesus; that, in 1996, a Muslim leader from Visha's village raised an ax to him and that he was forced into an itinerant lifestyle that same year following a threatening statement made by the Muslim community; and, that, in 1997, an armed group of Muslims went in search of Visha at his brother's house, terrorizing the brother's family and stealing valuable property from them on account of Visha's religious activities. Visha asserts that his testimony is corroborated by that of Jim Pish, a Christian missionary who met Visha while on a mission to Albania in 1994. Pish testified that he was aware of one Christian who fled Albania for political reasons but could not testify as to any persecution suffered by Visha or other Albanian Christians.

At the invitation of the IJ, Visha submitted the materials contained in Exhibits 5 and 6 to refute two State Department reports that characterized Albania as being one of the more religiously tolerant countries in the world. Exhibit 5 includes an article titled "Persecution of Catholics in Albania," written in 1985 prior to the fall of the religiously intolerant communist government; written statements by Jim Pish, the Christian missionary who testified at the hearing, Haxhi Sulo, an official from Visha's village, and Karl Reynolds, a Christian missionary who met Visha during a mission to Alba-

nia in 1991, each corroborating Visha's claim that his life may be threatened because of his religious activities if he returns to Albania; and, three Amnesty International Reports covering the period from 1996 to 1998 that describe human rights conditions in Albania but do not specifically address the issue of religious persecution. Exhibit 6 includes newspaper articles reporting on the arrest of suspected Muslim terrorists in Albania who were believed to be involved with threats against American interests, and an article relating one Albanian Christian woman's memories of incidences of religious intolerance between Albanian Muslims and Christians. While Visha's testimony and corroborating written statements may compel the conclusion that Visha was harassed and intimidated by Albanian Muslims because of his religious activities, we are satisfied that Visha's evidence would not compel a reasonable factfinder to conclude that Visha suffered past persecution in Albania. Therefore, we agree with the BIA that Visha failed to demonstrate his eligibility for refugee status based on past persecution.[1]

Visha also failed to carry his burden of proof in establishing that he holds a well-founded fear of future persecution. The IJ found Visha's testimony credible and, therefore, credited Visha with demonstrating a subjectively genuine fear of future persecution. Because Visha did not adequately refute the two State Department reports regarding religious tolerance in Albania, the IJ found that Visha failed to demonstrate an objective basis for his fear of future persecution. Visha's objective evidence, specifically the Exhibit 5 Amnesty International reports and the Ex-

---

1. We note that because Visha failed to establish that he suffered past persecution for his religious beliefs, he cannot be presumed to have a well-founded fear of future persecution.

hibit 6 newspaper articles do not address the religious persecution of Albanian Christians. Moreover, the articles that discuss religious intolerance are either subjective in nature and not specific to Visha, or address past rather than current conditions. Thus, we are satisfied that the evidence contained in Exhibits 5 and 6 would not compel a reasonable factfinder to conclude that Visha has a well-founded fear of future persecution.

■ Finally, Visha asks this Court to remand this case to the BIA for consideration of evidence regarding changed country conditions that has become available since his last hearing, which Visha contends supports his fear of future persecution. Prior to the enactment of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 (IIRIRA), if an appeals court found that proposed additional evidence offered by an alien was material and there were reasonable grounds for the alien failing to present that evidence to the administrative agency, the appeals court could remand the case to the BIA for consideration of the additional evidence under 28 U.S.C. § 2347(c). *Miron v. I.N.S.*, 106 F.3d 401, 1997 WL 26463, at *2 (6th Cir.1997) (unpublished); *Dolores v. I.N.S.*, 772 F.2d 223, 226–27 (6th Cir.1985). The IIRIRA, however, expressly prohibits a court reviewing a BIA removal order from remanding the case for the consideration of additional evidence under § 2347(c). 8 U.S.C.A. § 1252(a)(1) (1999). Therefore we must deny Visha's request that this case be remanded for the consideration of additional evidence.

In the alternative, Visha asks this Court to take judicial notice of his evidence of changed country conditions. Historically, this Court has taken judicial notice of changed political circumstances in immigration cases, *Ivezaj v. I.N.S.*, 84 F.3d 215, 219 (6th Cir.1996), even though a petition for review was to "be determined solely upon the administrative record upon which deportation is based." 8 U.S.C.A. § 1105a(a)(4) (1995) (repealed). The IIRIRA now provides in pertinent part that "[j]udicial review of a final order of removal is governed *only* by chapter 158 of title 28, except as provided in subsection (b), § 1252(a)(1)" (emphasis added), and that "the court of appeals shall decide the petition *only* on the administrative record on which the order of removal is based," § 1252(b)(4)(A) (emphasis added). We believe that these sections, when read together, prohibit this Court from taking judicial notice of facts outside the administrative record. Whereas former § 1105a(a)(4), by its terms, was limited to addressing the "procedure" for reviewing final deportation orders and thereby provided a basis for finding that the rules of evidence remained applicable to judicial review of such orders, § 1252 is not so and thereby eliminates any basis for suggesting that a general rule of evidence may trump any of the section's specific provisions.[2] We, therefore, deny Visha's motion to take judicial notice of his changed country conditions evidence.

## B. Ineffective Assistance of Counsel

Visha claims ineffective assistance of counsel on the part of counsel who represented him at the July 20 and November 23, 1998 hearings. Visha's allegations

2. We further observe that Visha's motion to take judicial notice is nothing more than an attempt to have this Court weigh non-record evidence for the first time on appeal in order to provide grounds for reversing the BIA decision and remanding the case for consider-

ation of the judicially noticed evidence. As explained above, § 1252(a)(1) prohibits this Court from stepping outside the administrative record and remanding for consideration of additional evidence.

range from failure to prepare a typewritten asylum application to failure to submit available evidence to failure to plead a Convention Against Torture claim on his behalf. Claims of ineffective assistance of counsel in administrative deportation proceedings are reviewed *de novo*. *Huicochea–Gomez v. I.N.S.*, 237 F.3d 696, 699 (6th Cir.2001). An alien claiming ineffective assistance of counsel carries the burden of establishing that counsel's ineffective assistance resulted in prejudice or a denial of fundamental fairness. *Id.* Unfortunately, this Court has been left to guess how the alleged instances of ineffective assistance of counsel prejudiced Visha or denied him fundamental fairness because current counsel's Final Brief simply lists prior counsel's ineffective acts and omissions without explaining their prejudicial or unfair effects. While the allegations of ineffective counsel raised in this appeal mirror those documented in the affidavit prepared by Visha in support of his motion to reopen and reconsider or remand, current counsel's memorandum of law submitted in support of that motion does not articulate how prior counsel's conduct prejudiced Visha or denied him fundamental fairness. We, therefore, must conclude that Visha failed to carry his burden in establishing ineffective assistance of counsel.

### C. Record Reconstruction

■ Visha claims that his due process rights were violated when the IJ constructed a record of the July 20, 1998 hearing based on the court's notes after the recording equipment failed to operate properly because, according to his brief, "elementary principles of due process dictate[ ] that the actual testimony consisting of questions and answers is by far better evidence and a better record of what occurred at the hearing than a recitation of facts remembered by the Immigration Judge." The Fifth Amendment due process guarantee of a full and fair hearing extends to aliens in deportation proceedings. *Huicochea–Gomez*, 237 F.3d at 699. To constitute fundamental unfairness, a defect in removal proceedings " 'must have been such as might have led to a denial of justice.' " *Id.* The alien bears the burden of establishing that the defect denied him or her fundamental fairness. *Id.* First, we note that Visha's prior counsel did not object to the IJ's decision to create a record based on his notes and, in fact, stipulated to the accuracy of the record created. Second, we note that beyond the bare assertion quoted above, Visha's current counsel does not explain how the substitution of a record based on the IJ's detailed notes taken during the course of the hearing for a verbatim transcript denied Visha a fundamentally fair hearing. We, therefore, conclude that Visha failed to carry his burden in establishing that the record reconstruction violated the Fifth Amendment due process clause.

### D. Convention Against Torture

Visha claims that his removal to Albania violates the Convention Against Torture and Other Cruel, Inhumane or Degrading Treatment or Punishment (Convention). Though judicial review of a Convention claim is available when such a claim is part of the review of a final removal order, *Ali v. Reno*, 237 F.3d 591, 596 (6th Cir.2001), the Convention claim must be administratively exhausted before it may be considered on review, 8 U.S.C. § 1252(d). Visha has not administratively exhausted his Convention claim and, therefore, we cannot consider it at this time.

### III.

For the foregoing reasons, we **AFFIRM** the BIA order.