NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 05a0647n.06
Filed: August 2, 2005

No. 04-3679

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

ALFRED SHLLAKU; ARDIANA )
SHLLAKU; KLAUDIA SHLLAKU; PAUL )
SHLLAKU, )  ON PETITION FOR REVIEW OF AN
 )  ORDER OF THE BOARD OF
    Petitioners, )  IMMIGRATION APPEALS
 )
v. )
 )
ALBERTO GONZALES, Attorney General, )
 )
    Respondent. )

Before: DAUGHTREY and COOK, Circuit Judges; HOOD, District Judge.[*]

COOK, Circuit Judge. Petitioners, all Albanian citizens, concede their removability from the United States, but challenge the denial of their application for asylum, withholding of removal, and protection under the Convention Against Torture. They also challenge an Immigration Judge's finding that their application was frivolous, and the Board of Immigration Appeals's affirmance of the IJ without opinion. For the following reasons, we affirm the BIA and deny the petition.

I

_____

[*]The Honorable Joseph M. Hood, United States District Judge for the Eastern District of Kentucky, sitting by designation.

No. 04-3679
*Shllaku v. Gonzales*

Petitioners Alfred and Ardiana Shllaku are the parents of petitioners Klaudia and Paul Shllaku. Ardiana and Klaudia Shllaku entered the United States using false passports in 1998. The INS initiated removal proceedings against them in Michigan. Mrs. Shllaku conceded her removability and applied for asylum, withholding of removal, and CAT protection.

Alfred and Paul Shllaku entered the United States without being admitted or paroled by an immigration officer. The INS initiated removal proceedings against them in New York, and Mr. Shllaku conceded removability and applied for asylum, withholding of removal, and CAT protection.

A New York Immigration Judge then consolidated the Michigan and New York cases, and transferred the consolidated case to Michigan. There, the IJ heard testimony from Mr. Shllaku and another witness, Loc Gilaj. In 2002, Mrs. Shllaku withdrew her application, choosing to rely only upon her husband's application. But the IJ, with Petitioners' approval, considered her application as evidence supporting Mr. Shllaku's application.

The IJ ultimately denied the application, finding Mr. Shllaku's testimony incredible, and both Mr. and Mrs. Shllaku's applications frivolous. Petitioners appealed to the BIA, which affirmed the IJ without opinion. They then petitioned this court for review, challenging the IJ's findings that Mr. Shllaku was not credible and that Mr. and Mrs. Shllaku submitted frivolous applications, and the BIA's affirmance without opinion.

II

A. The Credibility Finding

Petitioners first challenge the IJ's finding that Mr. Shllaku's testimony of past persecution was incredible. We review an IJ's credibility determination for substantial evidence. *Sylla v. INS*, 388 F.3d 924, 925 (6th Cir. 2004). Specific reasons going to the heart of the applicant's claim must support an adverse credibility finding. *Id.* at 926. These reasons may include affirmative inconsistencies in, or omissions from, an applicant's testimony, application, or both. *Liti v. Gonzales*, No. 03-3570, 411 F.3d 631, 2005 U.S. App. LEXIS 10138, at *12 (6th Cir. Jun. 3, 2005).

Here, the IJ based his adverse credibility finding on several inconsistencies going to the heart of Mr. Shllaku's claim.

1. Inconsistency Regarding 1991 Events

Mr. Shllaku testified that he participated in a political demonstration on April 2, 1991, and was arrested the following day. His application, however, says nothing about an April 1991 arrest. Asked to explain its absence from the application, Shllaku claimed he "wrote his application briefly" so he could explain more fully in his testimony.

The IJ was not obliged to accept this rather implausible explanation. It would be one thing to omit minor details in an application, or to simply provide a general summary of past persecution—but it is quite another to provide a rather detailed chronology, as Shllaku's application did, that omits one of the most significant events supporting one's claim. *Cf. Liti*, 2005 U.S. App.

LEXIS 10138, at *12-14 (omission of details from testimony was "insubstantial" and could not support incredibility finding, given that the application only gave general summary and gave *no* specific details of *any* events). This inconsistency goes to the heart of Mr. Shllaku's past-persecution claim, and thus supports an adverse credibility finding.

## 2. Inconsistency Regarding 1997 Events

Mr. Shllaku testified that he was arrested two days after participating in a July 3, 1997, demonstration, and sentenced to sixty days in prison, where he suffered beatings and daily torture. His application, however, mentions the arrest but says nothing about beatings or torture in prison—which would have been, by far, the worst persecution he suffered. This inconsistency goes to the heart of Mr. Shllaku's past-persecution claim, and thus supports an adverse credibility finding.

Also, Mrs. Shllaku's application—which Mr. Shllaku submitted for consideration as part of his own application—states that Mr. Shllaku was arrested at the demonstration on July 3, rather than two days later. Asked to explain this inconsistency, Mr. Shllaku responded incomprehensibly, casting further doubt on his credibility. *See Guang Run Yu v. Ashcroft*, 364 F.3d 700, 704 (6th Cir. 2004) (minor date discrepancies may buttress an adverse credibility finding where more significant inconsistencies also support the finding).

## 3. Inconsistency Regarding 1998 Events

Mr. Shllaku testified that police came to his home on February 2, 1998, and beat him in front of his screaming wife and children. He testified that he was arrested on February 4, 1998, then held

for ten days. His application, however, states that the arrest occurred on February 11. More importantly, his wife's application adds the detail—which, if true, he would not have omitted from his testimony and application—that during the beating, both she and her husband were beaten unconscious. This creates another inconsistency going to the heart of Mr. Shllaku's claim, and thus supports an adverse credibility finding.

Together, these inconsistencies provide substantial evidence of Shllaku's incredibility and thus his ineligibility for asylum, withholding of removal, or CAT protection. Shllaku points to nothing in the record compelling a contrary conclusion. We therefore affirm the denial of his application.

## B. The Frivolity Finding

Mr. and Mrs. Shllaku also challenge the IJ's finding that their applications were frivolous because they submitted false documents to support them.

If an IJ declares a petitioner's application frivolous, the alien becomes permanently ineligible for immigration benefits, but not withholding of removal. 8 U.S.C. § 1158(d)(6); 8 C.F.R. § 208.20. An application is frivolous if "any of its material elements is deliberately fabricated." 8 C.F.R. § 208.20. Before finding an application frivolous, the IJ must give the applicant "sufficient opportunity to account for any discrepancies or implausible aspects of the claim." *Id.*

Here, substantial evidence supported the finding that both Alfred and Ardiana Shllaku filed frivolous applications. Both applications included documents the United States Embassy in Tirana,

Albania, found to be counterfeit. Although they had a year to do so, petitioners offered no evidence to explain why they had submitted the false documents, apart from witness Loc Gilaj's unsupported assertion that the investigator behind the Embassy report was untruthful.

Petitioners also argue that, even if the court correctly found Mr. Shllaku's application frivolous, the court wrongly found against Mrs. Shllaku because she withdrew her application and instead relied upon Alfred's. But the law only requires a finding that a petitioner "made" a frivolous application. 8 U.S.C. § 1158(d)(6). Here, substantial evidence supported the IJ's finding that Mrs. Shllaku made a frivolous application—her filed application included the false documents, as well as the discredited claim of being beaten unconscious. And it would not advance the law's policy of discouraging frivolous applications if an alien could avoid a frivolous-application finding simply by withdrawing the application after being caught in a lie. We therefore affirm the IJ's finding.

III

Finally, Petitioners argue the BIA violated their due-process rights by affirming the IJ without opinion. This challenge fails under our holding in *Denko v. INS*, 351 F.3d 717, 730 (6th Cir. 2003) (BIA summary affirmance procedures do not violate due process). The government, however, asks us now to go beyond *Denko* to hold that we lack jurisdiction to review the BIA's decision to streamline the case. In *Denko*, we assumed without deciding that we could review the streamlining decision, because that case clearly met BIA criteria for summary affirmance. We follow *Denko*'s example here: this case does not present novel questions of fact or law, but rather involves simple credibility and frivolity findings, so the streamlining decision was appropriate. *See id.* at 731-32.

We therefore affirm the BIA and deny the petition.