# Matter of B-Y-, Respondent

*Decided May 6, 2010*

U.S. Department of Justice
Executive Office for Immigration Review
Board of Immigration Appeals

(1) In making a frivolousness determination, an Immigration Judge may incorporate by reference any factual findings made in support of an adverse credibility finding, so long as the Immigration Judge makes explicit findings that the incredible aspects of the asylum application were material and were deliberately fabricated. *Matter of Y-L-*, 24 I&N Dec. 151 (BIA 2007), clarified.

(2) In considering an asylum applicant's explanations for inconsistencies or discrepancies, an Immigration Judge making a frivolousness determination must separately address the applicant's explanations in the context of how they may have a bearing on the materiality and deliberateness requirements unique to that determination.

(3) When the required frivolousness warnings have been given to an asylum applicant prior to the merits hearing, the Immigration Judge is not required to afford additional warnings or to seek further explanation in regard to inconsistencies that have become obvious during the course of the hearing.

FOR RESPONDENT: Raymond Lo, Esquire, New York, New York

FOR THE DEPARTMENT OF HOMELAND SECURITY: Ramin Rastegar, Assistant Chief Counsel

BEFORE: Board Panel: HOLMES, HESS, and GUENDELSBERGER, Board Members.

GUENDELSBERGER, Board Member:

This case was last before us on May 10, 2006, when we affirmed the Immigration Judge's adverse credibility determination and his finding that the respondent had submitted a frivolous asylum claim.[1] On July 31, 2007, the United States Court of Appeals for the Second Circuit upheld the adverse credibility determination and the resulting denial of the respondent's claims for asylum and withholding of removal but remanded the case to us for further analysis of the frivolousness determination. *Biao Yang v. Gonzales*, 496 F.3d 268 (2d Cir. 2007). The court also directed that we address the respondent's

---

[1] We did not rely on the Immigration Judge's alternative determination that the respondent was ineligible for asylum for failing to timely file the asylum application.

claim for withholding of removal under the Convention Against Torture and Other Cruel, Inhuman or Degrading Treatment or Punishment, *adopted and opened for signature* Dec. 10, 1984, G.A. Res. 39/46. 39 U.N. GAOR Supp. No. 51, at 197, U.N. Doc. A/RES/39/708 (1984) (entered into force June 26, 1987; for the United States Apr. 18, 1988) ("Convention Against Torture"). Upon further consideration, the respondent's appeal will be sustained in part, and the record will be remanded to the Immigration Judge.

## I. FACTUAL AND PROCEDURAL HISTORY

### A. Respondent's Asylum Claim

The respondent, a native and citizen of China, arrived in the United States in November 2002 at the Chicago O'Hare International Airport. Soon after landing, he was interviewed at the airport by immigration officials. During the airport interview, he indicated that family planning authorities in China had forced his girlfriend to abort her pregnancy and that they wanted to arrest him and charge him with a fine.

In his asylum application, filed with the Immigration Court on April 16, 2004, the respondent provided additional information regarding the events leading up to and following his girlfriend's abortion. The statement accompanying the asylum application indicates that he struggled with and injured one of the family planning officials when they came to take his girlfriend for an abortion on May 16, 2002. The statement also describes a May 20, 2002, confrontation with family planning officials, during which the respondent was detained and beaten before he managed to escape.

### B. Adverse Credibility Determination

The Immigration Judge's adverse credibility finding was based on a variety of factors, including (1) omissions in the airport interview of events included in the asylum application; (2) inconsistencies between the asylum application and the airport interview; (3) inconsistencies between testimony and the asylum application; and (4) inconsistencies within the testimony, as well as implausible testimony. The Board found that the Immigration Judge's adverse credibility finding was not clearly erroneous.

The Second Circuit identified the following findings by the Immigration Judge, among others, as substantial evidence in support of the adverse credibility determination:

> (1) Yang's failure to mention at his airport interview that he was ever arrested or beaten; (2) inconsistencies in his testimony regarding the chronology of events; (3) an implausible and inconsistent account of how he escaped from detention; (4) the

IJ's observation that Yang appeared to be "simply making up testimony when confronted by inconsistencies"; (5) contradictory and implausible testimony regarding his employment; and (6) contradictory evidence regarding when Yang decided to leave China.

*Biao Yang v. Gonzales*, 496 F.3d at 272.　The court also found that the Immigration Judge properly relied on the transcript of the airport interview because there was no evidence of coercion or any other indication of unreliability in the conduct of the airport interview or in the preparation of the record of the interview.　*Id.*

### C.　Immigration Judge's Frivolousness Finding

After denying asylum and withholding of removal for lack of credibility, the Immigration Judge separately addressed whether the respondent had filed a frivolous asylum application, reasoning as follows:

> At a master calendar proceeding conducted before the undersigned on April 16th, 2004, the respondent was provided with warnings concerning frivolous asylum applications pursuant to INA Section 208(d)(4). . . . The respondent, at that time, advised that he understood the nature and gravity of the warnings.　The respondent was reminded today by the Court of the gravity of the warnings.　Once again, the respondent testified that he understood the nature and gravity of the warnings.
> Notwithstanding the representations of the respondent regarding his understanding of the nature and gravity of the warnings concerning frivolous asylum applications, it is clear to the Court that the respondent has submitted a clearly fabricated application for asylum.
> The Court comes to this conclusion based not only on the multiple inconsistencies uttered by the respondent regarding the narrative leading up to and from his alleged confrontation with family planning officials on May 20th, 2002, but also from the rank inconsistency between the respondent's application for relief and the [airport statement].
> The Court finds that the asylum application has been fabricated and will apply the lifetime bar to future immigration benefits pursuant to INA Section 208(d)(6).

## II.　ISSUES ON REMAND

In *Matter of Y-L-*, 24 I&N Dec. 151, 155 (BIA 2007), the Board provided a set of standards to be applied in making a frivolousness determination, including the following requirements:

> (1) notice to the alien of the consequences of filing a frivolous application; (2) a specific finding by the Immigration Judge or the Board that the alien knowingly filed a frivolous application; (3) sufficient evidence in the record to support the finding that a material element of the asylum application was deliberately fabricated; and (4) an indication that the alien has been afforded sufficient opportunity to account for any discrepancies or implausible aspects of the claim.

Our decision in *Matter of Y-L-* was not rendered until after the Immigration Judge and the Board issued their decisions in this case. The court asks in its remand order that we further consider the frivolousness determination in this case under the standards established in *Matter of Y-L-* and that we clarify certain issues raised by those standards.

The court indicated that the guidance provided in *Matter of Y-L-* raised a number of additional issues including the following:

> (1) to what extent the IJ is required to set out his or her factual findings to support a frivolousness determination separately from the adverse credibility determination and to what extent he or she is permitted to incorporate by reference the findings made to support an adverse credibility determination; (2) to what extent the IJ is required to consider the applicant's explanations for any discrepancies separately from the adverse credibility determination; (3) to what extent the IJ is required to explicitly find that the fabrications at issue were "deliberate" or "material"; and (4) to what extent the IJ is required, if at all, to inform the applicant during the course of the proceedings that he or she is considering a frivolousness determination before he or she renders such a determination.

*Biao Yang v. Gonzales*, 496 F.3d at 279. We will address each of these issues in turn and then address the sufficiency of the frivolousness determination in this case.

## III. ANALYSIS OF REQUIREMENTS FOR FRIVOLOUSNESS FINDINGS

### A. Incorporation by Reference

The court has requested that we address the extent to which an Immigration Judge making a frivolousness determination may incorporate by reference factual findings that were made in support of an adverse credibility finding. The court asks in particular whether the Immigration Judge in this case complied with *Matter of Y-L-* when, although he "did separately address the frivolousness determination, he did not make specific factual findings supporting that determination, except to arguably incorporate by reference findings he already made in the context of the adverse credibility determination." *Biao Yang v. Gonzales*, 496 F.3d at 277.

In this case, as is often the situation, fact-finding regarding credibility overlaps with fact-finding as to whether an asylum application was frivolously filed. Both determinations involve the identification of inconsistencies and discrepancies in the asylum claim and consideration of any explanations offered for them. There may be circumstances where the pertinent facts do not overlap, and separate factual findings by an Immigration Judge will

be necessary. However, neither fairness nor clarity requires an Immigration Judge to separate and repeat those aspects of the credibility determination that overlap with the frivolousness determination.

The frivolousness determination, however, requires explicit findings as to "materiality" and "deliberate fabrication" that are not required for an adverse credibility determination. As we indicated in *Matter of Y-L-*, 24 I&N Dec. at 156, "[T]he Immigration Judge must separately address the question of frivolousness, including a discussion of the evidence supporting a finding that the respondent deliberately fabricated a material element of the asylum claim."

### B. Separate Consideration of Explanations for Inconsistencies and Discrepancies

In a similar vein, the court has requested that we clarify whether separate consideration of explanations for inconsistencies and discrepancies is required under *Matter of Y-L-*. The court notes that "while the IJ considered Yang's explanations for the inconsistencies and discrepancies when making his adverse credibility determination, he did not separately consider them when making his frivolousness determination." *Biao Yang v. Gonzales*, 496 F.3d at 277.

To a large extent, explanations that are unconvincing in an adverse credibility finding will also fail in the context of the frivolousness determination. Two considerations, however, counsel in favor of a separate analysis of explanations offered during the frivolousness determination. First, the burden of proof differs as to credibility and frivolousness. The respondent has the burden of demonstrating credibility, while the Government bears the burden in the frivolousness determination. *See Matter of Y-L-*, 24 I&N Dec. at 157-58. Explanations that fail to meet the burden in the credibility determination may be sufficient to tip the balance in the other direction in the context of the frivolousness determination.

Second, a separate assessment of the explanations for inconsistencies and discrepancies is required for the frivolousness finding insofar as the explanations offered may have a bearing on the determination of materiality or deliberateness of fabrication. Therefore, while some incorporation by reference from the adverse credibility findings and analysis is permissible, the Immigration Judge's frivolousness determination should separately address the respondent's explanations in the context of how they may have a bearing on the materiality and deliberateness requirements unique to that determination. The bases for a frivolousness determination should preferably be addressed under a section of the decision separate and apart from the credibility determination.

C.  Explicit Findings that Fabrications Were "Deliberate" and "Material"

The court has asked that we clarify whether explicit findings as to deliberateness and materiality are required.  The court notes that in the decision below "the IJ never explicitly stated that the fabrications were 'deliberate,' or that the fabrications were 'material' to Yang's asylum claim." *Biao Yang v. Gonzales*, 496 F.3d at 277.  In its discussion, the court states:

> The IJ, while laying out the factual findings to support an adverse credibility determination, certainly made comments which could lead to the inference that the fabrications were "deliberate and material" (*e.g.*, "[it] would appear that [Yang] is simply making up testimony when confronted by inconsistencies," "I am not convinced that [Yang] has provided any credible testimony which would allow the Court to determine what subjective fear, if any, [Yang] actually has of returning to China"); however, the IJ never specifically made such findings.  *Y-L-*, by contrast, appears to specifically require an IJ to find that an asylum applicant "deliberately fabricated material elements of his asylum claim."

*Id.* (quoting *Matter of Y-L-*, 24 I&N Dec. at 157).  As indicated in the discussion of the previous two points, the Immigration Judge, after identifying the inconsistencies or other reasons relied upon in the frivolousness finding, must make specific findings based on cogent reasoning that material aspects of the claim were deliberately fabricated.  These findings should not simply be left to be inferred or extrapolated from the strength of the overall adverse credibility determination.  As we stated in *Matter of Y-L-*, 24 I&N Dec. at 158, "[T]he Immigration Judge must provide cogent and convincing reasons for finding by a preponderance of the evidence that an asylum applicant knowingly and deliberately fabricated material elements of the claim."

D.  Warnings That a Frivolousness Determination Is Being Considered

The court also asks for clarification of whether and when an Immigration Judge may be required to provide additional warnings, during the merits proceedings, that a frivolousness finding is being considered.  The court indicates that it finds *Matter of Y-L-* confusing on this point because the Board's decision initially states that "it would be a *good practice* for an Immigration Judge who believes that an applicant may have submitted a frivolous asylum application to bring this concern to the attention of the applicant prior to the conclusion of proceedings."  *Matter of Y-L-*, 24 I&N Dec. at 159-60 (emphasis added).  The court points out that later in *Matter of Y-L-*, the Board "appears to *require*" that the Immigration Judge bring the frivolousness issue to the respondent's attention where it would not be obvious to an applicant that such a finding was being considered.  *Biao Yang v. Gonzales*, 496 F.3d at 276.  Moreover, given the dramatic

inconsistencies at issue in *Matter of Y-L-* and the Board's indication that the Immigration Judge should have probed for further explanation, the court indicates that "it is possible to conclude that the [Board] intended to require an IJ to specifically warn an applicant that he or she is contemplating a frivolousness finding in most circumstances and not just with respect to inconsistencies that are not obvious." *Id.* at 276 n.4.

We clarify that our "good practice" suggestion in *Matter of Y-L-* was not meant to add a blanket requirement that an Immigration Judge must provide additional warnings during the course of the merits hearing that a frivolousness determination is being considered.[2] Sufficient notice is afforded when the Immigration Judge explains the consequences of filing a frivolous asylum application, either at the time the asylum application is filed or prior to commencement of the merits hearing. *See Chen v. Mukasey*, 527 F.3d 935, 940 (9th Cir. 2008) (indicating that "the notice of consequences of knowingly filing a frivolous application . . . must be issued to a petitioner by an IJ"); *cf. Ribas v. Mukasey*, 545 F.3d 922, 930 (10th Cir. 2008) (concluding "as a matter of law, that the written notice on the asylum form is sufficient").

In making an adverse credibility determination, the opportunity for explanation requires that an Immigration Judge not rely on inconsistencies that take a respondent by surprise. *See Ming Shi Xue v. BIA*, 439 F.3d 111 (2d Cir. 2006) (remanding to further address an adverse credibility determination where "neither the IJ nor the government identified the concerns undergirding the IJ's credibility finding before the IJ announced them in his ruling"). If an inconsistency is obvious or glaring or has been brought to the attention of the respondent during the course of the hearing, however, there is no requirement that a separate opportunity for explanation be provided prior to making the adverse credibility determination. *See Ye v. Dep't of Homeland Sec.*, 446 F.3d 289 (2d Cir. 2006). We find that the same benchmark for opportunity for explanation should apply to the frivolousness determination. When the required frivolousness warnings have been given to the respondent prior to the start of a merits hearing, the Immigration Judge is not required to afford additional warnings or seek further explanation in regard to inconsistencies that have become obvious to the respondent during the course of the hearing.

---

[2] In *Matter of Y-L-*, we based our remand, in part, on concerns that the Immigration Judge did not address a cover letter accompanying the second asylum application. The cover letter offered an explanation for inconsistencies between the two asylum applications that may have been relevant to the issue of deliberate fabrication. We indicated that had the Immigration Judge "confronted the respondent with her concerns, she could have further probed for clarification of the manner in which the original asylum application was prepared." *Matter of Y-L-*, 24 I&N Dec. at 161.

We note that Immigration Judges often provide more notice and opportunity for explanation to asylum applicants than that which is required by statute, regulation, or minimum due process standards. Before making a frivolousness determination, an Immigration Judge may, therefore, in the interests of fairness, bring even obvious or glaring inconsistencies to the attention of the respondent in order to provide an opportunity for an explanation.

As we stated in *Matter of Y-L-*, 24 I&N Dec. at 160 n.3, "The requirement that the respondent be afforded a sufficient opportunity to explain is not to be applied in a mechanical fashion." The goal in every case is to assure that the respondent has a fair opportunity to address any discrepancies that may form the basis of the frivolousness determination. Whether a full and fair opportunity to address inconsistencies has been afforded depends on the totality of the circumstances, including the nature and extent of the inconsistencies at issue, the manner in which the asylum application was prepared, and whether the respondent was represented by counsel at the merits hearing.

## IV. FRIVOLOUSNESS DETERMINATION REGARDING RESPONDENT'S APPLICATION

In this case the Immigration Judge provided adequate warnings of the consequences of filing a frivolous asylum application. In addition to the written warnings in the asylum application, the Immigration Judge gave the respondent additional written and oral explanations of the consequences of submitting a frivolous asylum application, both at the time the application was filed and during the course of the merits hearing. As discussed below, however, the Immigration Judge did not sufficiently identify the factors relied upon in the frivolousness determination and did not make the specific findings regarding materiality and deliberate fabrication required by *Matter of Y-L-*.

In the frivolousness determination, the Immigration Judge referred to two categories of factors addressed in the adverse credibility determination: (1) "multiple inconsistencies uttered by the respondent regarding the narrative leading up to and from his alleged confrontation with family planning officials on May 20th, 2002 " and (2) "the rank inconsistency between the respondent's application for relief and the [airport statement]." These categorical references lack the requisite specificity. Moreover, some of the factors within the referenced categories do not necessarily support a frivolousness determination. For example, the Immigration Judge found that "[t]he respondent has essentially admitted, in any event, that he was not providing truthful testimony at the airport." The simple fact that the respondent admitted or was found to have fabricated statements in the airport interview, which was conducted prior to the submission of the asylum application and the frivolous warnings,

is not an independent basis to find the asylum application to be frivolous, because the statements may or may not relate to the factual basis for the asylum application.[3] Similarly, omissions in the airport interview, without some explanation as to how they support a finding of a deliberate misrepresentation in the asylum application, cannot be an independent basis for a frivolousness determination.[4]

Turning to the requirement that there be a specific finding that material inconsistencies were deliberately fabricated, the United States Supreme Court has stated that "a concealment or misrepresentation is material if it 'has a natural tendency to influence . . . the decision of' the decisionmaking body to which it was addressed." *Kungys v. United States*, 485 U.S. 759, 770 (1988) (quoting *Weinstock v. United States*, 237 F.2d 669, 701 (D.C. Cir. 1988)). The Immigration Judge does not directly address materiality in the frivolousness determination but refers to "rank inconsistency." Assuming that this term equates to "material inconsistency," the decision fails to identify which particular inconsistencies incorporated by reference were considered "rank."

Some of the inconsistencies incorporated by the Immigration Judge are relatively minor and would not, considered alone, enhance the respondent's claim to asylum. For example, whether the respondent stopped by his home after leaving work on the morning of May 20, 2002, or went directly to the family planning office does not advance the merits of his claim one way or the other. Similarly, the place where the respondent went immediately after escaping from authorities, the omission of any reference to his employment in the airport interview, and the time that he first learned that the police were looking for him appear to have only a tangential bearing on whether the respondent deliberately fabricated a material element of his claim.

Given the severe consequences of a frivolousness determination and our limited fact-finding ability on appeal, we will remand the record to permit the Immigration Judge to specifically identify the inconsistencies or other factors relied upon in the frivolousness determination and to further address whether the respondent deliberately fabricated a material element of his asylum

---

[3] However, statements in an airport interview may be relevant to a determination that an asylum application contains deliberate and materially false statements if the statements in the airport interview are inconsistent with claims made in the asylum application.

[4] Had this case involved differences between an initial asylum application and a later filing, rather than an airport interview and a subsequent asylum application, the factors relied upon by the Immigration Judge would provide a stronger basis for supporting the frivolousness determination. *See, e.g.*, *Ahir v. Mukasey*, 527 F.3d 912, 918 (9th Cir. 2008) (upholding a frivolousness determination, even in the absence of "direct extrinsic evidence" of fabrication, where the asylum application referred to multiple arrests, a subsequently filed application for adjustment of status indicated that the applicant had never been arrested, and the applicant was unable to resolve the inconsistencies).

application under the standards provided in our decision in *Matter of Y-L-* and in this opinion.  Accordingly, the respondent's appeal will be sustained in part, and the record will be remanded for a new decision on frivolousness and for further proceedings in regard to the respondent's eligibility for protection under the Convention Against Torture.[5]

**ORDER:**  The appeal is sustained in part.

**FURTHER ORDER:** The record is remanded to the Immigration Judge for further proceedings consistent with the foregoing decision and for the entry of a new decision.

---

[5] The court has also directed us to address the respondent's request for protection under the Convention Against Torture, so on remand, the parties may present any relevant evidence in regard to his current eligibility for that relief.