**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-3146
_____

QI LU WU,
                    Petitioner,

v.

ATTORNEY GENERAL OF THE UNITED STATES,
                    Respondent

_____

On a Petition For Review of an Order
of the Board of Immigration Appeals
(Agency No. A078-299-188)
Immigration Judge: Donald V. Ferlise

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
December 10, 2013

Before: HARDIMAN, NYGAARD and ROTH, Circuit Judges

(Opinion filed:  December 12, 2013)
_____

OPINION
_____

PER CURIAM

        Qi Lu Wu ("Wu") petitions for review of the Board of Immigration Appeals' final

order of removal.  For the reasons that follow, we will deny the petition for review.

Wu, a native and citizen of China, attempted to enter the United States on April 5, 2001. On May 8, 2001, removal proceedings were initiated against him; a Notice to Appear filed in Immigration Court in Chicago charged that he was removable under Immigration & Nationality Act § 212(a)(6)(C)(i), 8 U.S.C. § 1182(a)(6)(C)(i), as an alien who by fraud or misrepresentation sought to procure a visa. Venue eventually was changed to Philadelphia, and Wu applied for asylum, withholding of removal, and protection under the Convention Against Torture, claiming that he was persecuted in China because he and his wife violated China's coercive population control policy. Wu alleged that his wife had been forced to undergo an abortion. A merits hearing convened on May 13, 2003 before Immigration Judge Donald Ferlise. Following the hearing, Judge Ferlise sustained the charges against Wu and found that his testimony in support of his asylum application had not been truthful. The application was denied, and, additionally, Judge Ferlise found that it was frivolous. An order of removal to China was issued. On September 8, 2004, the Board of Immigration Appeals dismissed Wu's appeal, concluding that there was no clear error in Judge Ferlise's adverse credibility determination. The Board did not specifically address the frivolous asylum application finding. On December 8, 2004, Wu filed a pro se motion to reopen with the Board to submit new evidence in support of his asylum application. The Board denied it on February 22, 2005.

For the next eight years, Wu continued to live in the United States; he neither departed on his own nor was he removed by immigration authorities. On April 22, 2013, Wu filed a second motion to reopen his removal proceedings. Noting that his wife had

come to the United States in May, 2010, and that she was currently applying for asylum based on the same events that his application had been based upon, Wu argued that Judge Ferlise's adverse credibility determination in his case was not supported by substantial evidence, that the frivolous asylum application determination was based on speculation, and that Judge Ferlise had since been the subject of "widespread reports of misconduct." A.R. 20.[1] Wu also offered explanations for many of the discrepancies cited by Judge Ferlise in denying his original application. In support of the motion, Wu submitted evidence, including his wife's asylum application and a 2006 article concerning Judge Ferlise.

On June 20, 2013, the Board granted Wu's motion in part and denied it in part. The Board held that the motion, which was both to reopen and reconsider, was untimely filed. In addition, as a pure motion to reopen, it was also numerically barred. The Board further held that Wu did not allege or establish that his motion fit within any of the exceptions to the time and number limits established by the statute and regulations. The Board then considered its *sua sponte* power to reopen or reconsider cases where exceptional circumstances are demonstrated, see Matter of J-J-, 21 I. & N. Dec. 976 (BIA 1997), and concluded that exceptional circumstances did not exist to reopen or reconsider the IJ's adverse credibility determination. The Board reasoned that Wu failed to explain why he waited such a substantial amount of time before challenging the IJ's adverse credibility determination on the ground of judicial misconduct, and, in addition, Wu did

[1] In Cham v. Att'y Gen. of U.S., 445 F.3d 683 (3d Cir. 2006), we noted that improper conduct had occurred at the alien's hearing, and that Judge Ferlise often and improperly found asylum applications to be frivolous, see id. at 690 n.5.

not present sufficient evidence to establish that Judge Ferlise's conduct at his hearing deprived him of a full and fair hearing. Further, the Board concluded that, even if the adverse credibility determination were to be reversed, Wu had not made out a prima facie case for asylum, citing Matter of J-S-, 24 I. & N. Dec. 520 (A.G. 2008) (husband of woman who was subjected to forced abortion is not per se eligible for asylum). The Board then exercised its *sua sponte* power to reconsider the IJ's finding that Wu's asylum application was frivolous "in the interest of fairness." A.R. 4. The Board revised its September 8, 2004 decision to state that Judge Ferlise's frivolous application finding was vacated, reasoning that the finding did not comply with certain of the Board's subsequent precedential decisions, including Matter of B-Y-, 25 I. & N. Dec. 236 (BIA 2010).

Wu timely petitioned for review. We generally have jurisdiction to review a final order of removal pursuant to 8 U.S.C. § 1252(a)(1), (b)(1). We review the denial of a motion to reopen or reconsider for an abuse of discretion. Immigration & Naturalization Serv. v. Doherty, 502 U.S. 314, 323 (1992). Under the deferential abuse of discretion standard, we will not overturn the Board's decision unless it is arbitrary, irrational, or contrary to the law. See Guo v. Ashcroft, 386 F. 3d 556, 562 (3d Cir. 2004). We uphold the Board's factual determinations underlying the denial of the motion to reopen or reconsider if they are "'supported by reasonable, substantial, and probative evidence on the record considered as a whole.'" Zheng v. Att'y Gen. of U.S., 549 F.3d 260, 266 (3d Cir. 2008) (quoting Immigration & Naturalization Serv. v. Elias-Zacarias, 502 U.S. 478, 481 (1992)).

We will deny the petition for review. The Board did not abuse its discretion in denying Wu's motion to reopen as time- and number-barred, and his motion to reconsider as time-barred. A party may file only one motion to reopen and such motion must be filed no later than 90 days after the date of the removal order. 8 C.F.R. § 1003.2(c)(2); 8 U.S.C. § 1229a(c)(7)(C)(i). Under 8 C.F.R. § 1003.2(b)(2), a motion to reconsider must be filed within 30 days after the date of the Board's decision. See also 8 U.S.C. § 1229a(c)(6)(B). Wu does not dispute that his April, 2013 motion was time- and number-barred to the extent that he sought reopening of his removal proceedings, and untimely to the extent that he sought reconsideration of the Board's September 8, 2004 decision. Nor does he dispute that he did not establish that his motion fit within any of the recognized exceptions to the time and number limits established by the statute and regulation, see 8 U.S.C. § 1229a(c)(7)(C)(ii); 8 C.F.R. § 1003.2(c)(3)(i)-(iv).

Instead, Wu argues in his brief that we have jurisdiction to review the Board's decision declining to use its *sua sponte* authority to reopen and reconsider his asylum proceedings, that the time and number restrictions for his motion to reopen and reconsider should be excused due to judicial misconduct, that the record supports a finding that Judge Ferlise's conduct deprived him of a full and fair hearing, and that, if he had received a full and fair hearing, reversal of the adverse credibility finding would result in a prima facie showing of eligibility for asylum. See Petitioner's Brief, at 6.

We disagree that we have jurisdiction to review the Board's decision declining to use its *sua sponte* authority to reopen and reconsider the agency's adverse credibility determination. Under 8 C.F.R. § 1003.2(a), the Board may "at any time reopen . . . on its

own motion any case in which it has rendered a decision." The regulation grants the Board broad discretion "to deny a motion to reopen even if the party moving has made out a prima facie case for relief." Id. The Board has explained that it exercises its *sua sponte* authority "sparingly, treating it not as a general remedy for any hardships created by enforcement of the time and number limits in the motions regulations, but as an extraordinary remedy reserved for truly exceptional situations." Matter of G-D-, 22 I. & N. Dec. 1132, 1133-34 (BIA 1999). The Board's decision not to exercise its *sua sponte* authority to reopen proceedings is unreviewable, except where the Board relies on an incorrect legal premise. See Calle-Vujiles v. Ashcroft, 320 F.3d 472, 475 (3d Cir. 2003). See also Pllumi v. Att'y Gen. of the U.S., 642 F.3d 155, 160 (3d Cir. 2011) (remand proper where Board may have mistakenly thought that it did not have authority to consider alien's health concerns as "other serious harm" under 8 C.F.R. § 1208.13(b)(1)(iii)(B)).

Here, the Board did not rely on any incorrect legal premises in declining to reopen and reconsider Judge Ferlise's adverse credibility determination. Wu argues that the Board implied the existence of reviewable exceptional circumstances in his case – in the form of judicial misconduct – by vacating Judge Ferlise's frivolous asylum application finding. See Petitioner's Brief, at 8-9. We do not agree. The Board did not make any finding of judicial misconduct in Wu's case. The Board concluded that Wu did not present sufficient evidence to establish that Judge Ferlise's conduct deprived him of a full and fair hearing. In determining that Judge Ferlise's frivolous asylum application finding should be vacated, the Board did not make a finding of misconduct; it simply held that

6

the determination did not comport with its more recent decisions that require specific findings that material elements of the claim have been deliberately fabricated, see, e.g., Matter of B-Y-, 25 I. & N. Dec. 236 (in making frivolousness determination, IJ must make explicit findings that incredible aspects of asylum application were material and deliberately fabricated, but IJ may incorporate factual findings made in support of adverse credibility determination in doing so).

Because the Board neither misperceived the relevant law nor misunderstood its *sua sponte* authority, we have no basis for exercising jurisdiction over the Board's determination that exceptional circumstances did not exist to reopen or reconsider the IJ's adverse credibility determination in Wu's case.[2] To the extent that Wu has argued that judicial misconduct warrants that the time and number restrictions for motions to reopen or reconsider be tolled or excused, see Petitioner's Brief, at 10-11, we agree with the Board's determination that Wu failed to account for the substantial amount of time that passed before he challenged the adverse credibility determination on the basis of judicial misconduct, cf. Mahmood v. Gonzales, 427 F.3d 248, 252-53 (3d Cir. 2005) (attorney conduct may provide basis for equitable tolling of deadline for motion to reopen if alien shows that he was diligent in bringing his claim), and we see no abuse of discretion in the

---

[2] In Chehazeh v. Att'y Gen. of U.S., 666 F.3d 118, 129 (3d Cir. 2012), we held that we may review the Board's exercise of its *sua sponte* authority to grant reopening. The Board's decision here to grant reconsideration in part and vacate the frivolous asylum application finding would be reviewable under Chehazeh if a party who had standing to appeal was seeking review of the decision, McLaughlin v. Pernsley, 876 F.2d 308, 313 (3d Cir. 1989) (in order to have standing to appeal a party must be aggrieved by the order from which it seeks to appeal). The Government does not challenge the Board's decision to vacate the frivolous application finding.

Board's determination that Wu did not show that Judge Ferlise engaged in misconduct at his particular hearing. Last, because we find no abuse of discretion in the Board's decision to deny Wu's motion to reopen and reconsider as procedurally defective, and because we lack jurisdiction to review the Board's decision not to exercise its *sua sponte* authority to reopen or reconsider the adverse credibility determination, we conclude that it is unnecessary for us to address Wu's additional argument that reversal of the adverse credibility finding would result in a prima facie showing of his eligibility for asylum.

For the foregoing reasons, we will deny the petition for review.