13-2154
Jiang v. Holder

BIA
A077 655 757

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 24th day of December, two thousand fourteen.

PRESENT:
        DENNIS JACOBS,
        ROBERT D. SACK,
        DENNY CHIN,
                *Circuit Judges.*

_____

DIAN EN JIANG,
        *Petitioner,*

        v.                                        13-2154
                                                  NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
        *Respondent.*

_____

FOR PETITIONER:        Theodore N. Cox, New York, New York.

FOR RESPONDENT:        Stuart F. Delery, Assistant Attorney
                       General; Blair T. O'Connor,
                       Assistant Director; Holly M. Smith,
                       Senior Litigation Counsel, Office of
                       Immigration Litigation, United
                       States Department of Justice,
                       Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Dian En Jiang, a native and citizen of China, seeks review of the May 17, 2013, order of the BIA denying his motion to reconsider the BIA's February 15, 2013, denial of reopening. *In re Dian En Jiang*, No. A077 655 757 (B.I.A. May 17, 2013). We assume the parties' familiarity with the underlying facts and procedural history in this case.

As Jiang petitions for review of only the BIA's denial of his motion for reconsideration, having voluntarily dismissed his petition for review of the underlying denial of reopening, we are precluded from considering the merits of the underlying motion to reopen. *Jin Ming Liu v. Gonzales*, 439 F.3d 109, 111 (2d Cir. 2006) (per curiam). We have reviewed the denial of Jiang's motion to reconsider for abuse of discretion. *Ali v. Gonzales*, 448 F.3d 515, 517 (2d Cir. 2006) (per curiam).

A motion to reconsider must "specify the errors of law or fact in the previous order and shall be supported by pertinent authority." 8 U.S.C. § 1229a(c)(6); *see also* 8

2

C.F.R. § 1003.2(b)(1); *Ke Zhen Zhao v. U.S. Dep't of Justice*, 265 F.3d 83, 90 (2d Cir. 2001).  Here, Jiang merely reiterated his previously rejected arguments, rather than specify errors in the prior decision.  The BIA therefore did not abuse its discretion in denying reconsideration.  *See Jin Ming Liu*, 439 F.3d at 111.

Even if he had articulated some new argument, the BIA properly found no error in its prior denial of *sua sponte* reopening.  Jiang argued that new law invalidated the frivolousness finding, which was preventing him from adjusting status through his U.S.-citizen wife.  *See* 8 U.S.C. § 1158(d)(6) (precluding any immigration benefits if application deemed frivolous).  A fundamental change in law that renders the movant newly eligible for relief merits exercise of the BIA's authority to reopen *sua sponte*.  *In re G-D-*, 22 I. & N. Dec. 1132, 1135 (BIA 1999).  We retain jurisdiction to determine whether the BIA has misperceived a movant's eligibility for relief in denying *sua sponte* reopening, and by extension whether a motion for reconsideration identified such a misperception.  *See Mahmood v. Holder*, 570 F.3d 466, 469-71 (2d Cir. 2009).  Accordingly, we may address whether the decisions Jiang

cites, *In re Y-L-*, 24 I. & N. Dec. 151 (BIA 2007), and *In re B-Y-*, 25 I. & N. Dec. 236 (BIA 2010), established a fundamental change.  We conclude, as the BIA did, that the decisions established only an incremental, not a fundamental, change in the law governing frivolousness findings because they set forth new procedural guidelines, but did not alter the applicable regulations.  *See In re Y-L-*, 24 I. & N. Dec. at 158-61; *In re B-Y-*, 25 I. & N. Dec. at 240.  Accordingly, the BIA did not abuse its discretion in denying reconsideration of its prior denial of reopening.

For the foregoing reasons, the petition for review is DENIED.  As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot.  Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4