Gao v. Lynch

BIA
Zagzoug, IJ
A200 745 364

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT
# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 16th day of December, two thousand fifteen.

PRESENT:
>
> PETER W. HALL,
> GERARD E. LYNCH,
> SUSAN L. CARNEY,
>        *Circuit Judges.*

_____

RONG GAO,
>        *Petitioner,*

>    v.                                      13-47
>                                            NAC

LORETTA E. LYNCH, UNITED STATES
ATTORNEY GENERAL,
>        *Respondent.*

_____

FOR PETITIONER:         Michael J. Campise, New York, N.Y.

FOR RESPONDENT:         Stuart F. Delery, Assistant Attorney General; Frances W. Fraser, Senior Litigation Counsel; Jacob A. Bashyrov, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a decision of the Board of Immigration Appeals ("BIA"), it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Rong Gao, a native and citizen of China, seeks review of a December 10, 2012, decision of the BIA affirming the June 15, 2011, decision of an Immigration Judge ("IJ") that she had filed a frivolous asylum application. *In re Rong Gao*, No. A200 745 364 (B.I.A. Dec. 10, 2012), *aff'g* No. A200 745 364 (Immig. Ct. N.Y. City Jun. 15, 2011). We assume the parties' familiarity with the underlying facts and procedural history of this case.

Because the BIA summarily affirmed the decision of the IJ, we have reviewed the IJ's decision. *Aslam v. Mukasey*, 537 F.3d 110, 114 (2d Cir. 2008). The standards of review are well established. 8 U.S.C. § 1252(b)(4)(B); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

In finding Gao's asylum application frivolous, within the meaning of 8 U.S.C. § 1158(d)(6), the IJ complied with the requirements that she must: (1) give Gao notice of the consequences of filing a frivolous application; (2) make a specific finding that Gao knowingly filed a frivolous application; (3) identify sufficient evidence in the record

2

to support the finding that a material element of the asylum application was deliberately fabricated; and (4) allow Gao sufficient opportunity to account for any discrepancies or implausible aspects of the claim. *Mei Juan Zheng v. Mukasey*, 514 F.3d 176, 180 (2d Cir. 2008) (citing *Matter of Y-L-*, 24 I. & N. Dec. 151, 155 (B.I.A. 2007)); *see also Matter of B-Y-*, 25 I. & N. Dec. 236, 241-42 (B.I.A. 2010).

Gao argues that she timely recanted her testimony and that the IJ erred by finding her application frivolous despite the recantation. Although it is an open issue whether timely and voluntary recantation can relieve an asylum applicant of the consequences of a frivolous filing, the record does not establish that Gao's recantation was either voluntary or timely. A review of the record reveals that Gao filed her asylum application in 2010, she was informed of the consequences of filing a frivolous application, and she affirmed to the IJ that her application was "true." She subsequently testified in conformity with her false application at her merits hearing, and she did not admit that she had fabricated her claim and testimony until she was confronted during cross-examination with documentation that essentially established her story was

3

untrue.  Under these circumstances, it cannot be said that her recantation was timely and voluntary.  *See Matter of M—*, 9 I. & N. Dec. 118, 119 (B.I.A. 1960).  As to Gao's due process claim, given her admission that she fabricated portions of her application and our prior holding that "summary affirmance of IJ decisions by a single Board member does not deprive an asylum applicant of due process," Gao has not established any error in the BIA's use of summary affirmance.  *Yu Sheng Zhang v. U.S. DOJ*, 362 F.3d 155, 157 (2d Cir. 2004).

For the foregoing reasons, the petition for review is DENIED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk