**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 15a0828n.06

**Case No. 14-4171**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**
Dec 22, 2015
DEBORAH S. HUNT, Clerk

| | |
|---|---|
| MASTAN SINGH, | ) |
| | ) |
| Petitioner, | ) |
| | ) **ON PETITION FOR REVIEW** |
| v. | ) **FROM THE UNITED STATES** |
| | ) **BOARD OF IMMIGRATION** |
| LORETTA E. LYNCH, U.S. Attorney | ) **APPEALS** |
| General, | ) |
| | ) |
| Respondent. | ) |

**BEFORE:  BATCHELDER, McKEAGUE, and STRANCH, Circuit Judges.**

**PER CURIAM.**   Mastan Singh petitions for review of an order of the Board of Immigration Appeals (BIA) that affirmed an immigration judge's (IJ) denial of his application for asylum, withholding of removal, and relief under the Convention Against Torture (CAT).

Singh is a native and citizen of India.  He entered the United States in 2010.  In 2011, Singh filed an application for asylum, withholding of removal, and relief under the CAT, alleging that, if removed to India, he would be persecuted or tortured based on his political opinion and membership in a particular political party.  The IJ denied Singh relief and concluded that he knowingly filed a frivolous asylum application.  The BIA affirmed the IJ's decision.

On appeal, Singh argues that the IJ and BIA erred by concluding that his testimony was not credible and that he failed to establish entitlement to asylum and withholding of removal. Singh waived any challenge to the denial of relief under the CAT by failing to properly raise the

issues in his appellate brief. *See Shkabari v. Gonzales*, 427 F.3d 324, 327 n.1 (6th Cir. 2005). Because the BIA issued an independent decision, we review its opinion, including any parts of the IJ's reasoning referenced by the BIA. *See Khozhaynova v. Holder*, 641 F.3d 187, 191 (6th Cir. 2011). We review legal conclusions de novo and factual findings and credibility determinations for substantial evidence. *Id.* Under the substantial-evidence standard, administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary. *Id.*

Based on the discrepancies between Singh's hearing testimony, his written application for relief, and his answers during an asylum interview, substantial evidence supports the BIA's conclusion that Singh failed to testify credibly. First, Singh testified that he attended meetings and demonstrations held by his political party, but he claimed in his asylum interview that he did not attend meetings or demonstrations. Singh further testified that, in October 2009, police officers arrested him, took him to jail, and threatened and slapped him, but he claimed in his asylum application and interview that he had never been arrested and that he had not been harmed by the government.

Singh also gave contradictory accounts of two incidents in which members of a rival political party allegedly attacked him. Singh testified that, during the first incident, which allegedly occurred in November 2009, his left hand and left leg were injured and that he was hospitalized for five days. But in his asylum application and interview, Singh claimed that his left arm was injured and that he was hospitalized for three days. In addition, Singh told conflicting stories about the weapons that were used by his attackers. When testifying about the second incident, which allegedly occurred in January 2010, Singh asserted that his sister was pushed and threatened and that her clothes were partially torn off, and he claimed that the

assailants unsuccessfully attempted to tear off his clothes. In contrast, in his asylum application and interview, Singh claimed that the assailants slapped his sister and completely took off his clothing.

Given the proper adverse credibility finding and the lack of other evidence showing that Singh suffered past persecution or had a well-founded fear of future persecution on account of a protected ground, substantial evidence supports the BIA's determination that Singh was ineligible for asylum and withholding of removal. *See Abdurakhmanov v. Holder*, 735 F.3d 341, 345 (6th Cir. 2012).

Singh also challenges the IJ's frivolousness determination. "[A]n asylum application is frivolous if any of its material elements is deliberately fabricated." 8 C.F.R. § 1208.20. Thus, a frivolousness finding cannot be founded on "[t]he mere fact that an asylum applicant has lied in his application." *Yousif v. Lynch*, 796 F.3d 622, 629 (6th Cir. 2015). Rather, "[t]he falsehood must be 'material' to the application," meaning that "it has a natural tendency to influence, or was capable of influencing, the decision of the decisionmaking body to which it was addressed." *Id.* (quoting *Kungys v. United States*, 485 U.S. 759, 770 (1988)).[1] Additionally, "[b]ecause a finding of frivolousness is the veritable 'death sentence' of immigration proceedings, an IJ is permitted to make such a finding only after complying with several procedural safeguards." *Id.* at 627 (internal quotation marks omitted).

---

[1] Under the REAL ID Act of 2005, "a trier of fact may base a credibility determination on . . . the consistency between the applicant's or witness's written and oral statements . . . without regard to whether an inconsistency . . . goes to the heart of the applicant's claim." 8 U.S.C. § 1158(b)(1)(B)(iii). The Act, however, did not alter the frivolousness standard, which requires that the inconsistency go to a material element of the asylum application. Thus, even if the IJ concludes that an asylum applicant is not credible, the IJ must separately examine whether the asylum application is frivolous. *See Yousif*, 796 F.3d at 629–30 (observing that "a finding of frivolousness does not flow automatically from an adverse credibility determination" because "[t]he falsehood must be 'material' to the application"); *In re B-Y-*, 25 I. & N. Dec. 236, 240 (2010) ("[A] separate assessment of the explanations for inconsistencies and discrepancies is required for the frivolousness finding insofar as the explanations offered may have a bearing on the determination of materiality or deliberateness of fabrication.").

Singh does not argue that the IJ's frivolousness determination was procedurally unsound. Instead, he contends that the IJ's materiality finding relied on alleged falsehoods that did not advance his claim of persecution by the rival political party. Thus, he argues, the alleged falsehoods were not material to his asylum application.[2]

We disagree with Singh's characterization of the IJ's frivolousness determination. The IJ expressly based the frivolousness finding on the "direct contradiction[s]" between Singh's testimony and his asylum application with regard to the October 2009 arrest and January 2010 attack. A.R. at 74. Singh testified that both of these incidents arose out of his membership in a particular political party, which was the basis for his asylum claim. The alleged misrepresentations were thus material to Singh's asylum claim.

Accordingly, we deny Singh's petition for review.

---

[2] The Government argues that Singh forfeited this argument. Singh's analysis is not so underdeveloped as to constitute forfeiture. Singh cited to the correct regulation and argued that the "material element" requirement was not met. The alleged inconsistencies, he explained, "do not go to the heart of his asylum claim" because they do not pertain to past persecution by the rival political party. Appellant's Br. at 12. That is enough to make out an argument on this issue. Although part of this analysis occurs in Singh's discussion of the IJ's credibility finding, it applies equally to the frivolousness determination. Accordingly, Singh was entitled to—and did—incorporate this analysis by reference in his frivolousness discussion.