NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 21-1286

_____

XI JIN LIN,
Petitioner

v.

ATTORNEY GENERAL UNITED STATES OF AMERICA

_____

On Petition for Review from an
Order of the Board of Immigration Appeals
(Board No. A077-122-613)

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
December 10, 2021

Before:  SHWARTZ, PORTER, FISHER, *Circuit Judges*.

(Filed:  January 10, 2022)

_____

OPINION*

_____

FISHER, *Circuit Judge*.

    Xi Jin Lin petitions for review of the decision of the Board of Immigration

Appeals (BIA), which denied her motion to reopen her removal proceedings *sua sponte*.

_____

    * This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7
does not constitute binding precedent.

Because we do not have jurisdiction, we will dismiss the petition.

Generally, an individual may file only one motion to reopen and must do so within 90 days of the entry of the order of removal.[1] Outside of these constraints, however, a regulation applicable to Lin's motion to reopen allowed the BIA to "at any time reopen or reconsider on its own motion any case in which it has rendered a decision."[2] Because of the regulatory language regarding "the BIA acting 'on its own motion,' this . . . is known as *sua sponte* reopening—although . . . an alien usually has to ask the BIA to act."[3] Under the regulations in effect when the BIA denied reopening in this case, the BIA's discretion with regard to *sua sponte* reopening was "essentially unlimited."[4] It could deny such a motion even if the movant "made out a *prima facie* case for relief."[5] The BIA granted *sua sponte* reopening based on these regulations "'sparingly' and in 'exceptional situations' only."[6]

Although courts generally may review the actions of administrative agencies, "review is not available in those rare circumstances where . . . a court would have no

---

[1] 8 U.S.C. § 1229a(c)(7).
[2] 8 C.F.R. § 1003.2(a) (eff. until Jan. 14, 2021). This regulation was superseded by a more circumscribed grant of reopening authority. *See* 85 Fed. Reg. 81588, 81591 (Dec. 16, 2020).
[3] *Park v. Att'y Gen.*, 846 F.3d 645, 650 (3d Cir. 2017).
[4] *Id.* at 651.
[5] 8 C.F.R. § 1003.2(a).
[6] *Park*, 846 F.3d at 650 (quoting *In re G–D–*, 22 I. & N. Dec. 1132, 1133-34 (BIA 1999)).

meaningful standard against which to judge the agency's exercise of discretion."[7] The denial of a motion to reopen *sua sponte* is just such a situation—we normally lack jurisdiction because these orders are "functionally unreviewable."[8] There are, however, two exceptions. We have jurisdiction where "the BIA relies on an incorrect legal premise" or "has limited its [own] discretion via a policy, rule, [or] settled course of adjudication."[9] Lin argues that these exceptions are met. We disagree.

Lin contends that the BIA "erred as a matter of law by providing no rational explanation . . . for why [her] motion failed to show an exceptional situation" warranting *sua sponte* reopening.[10] She does not explain how this purported failure would constitute reliance on an incorrect legal premise and thus confer jurisdiction. But, assuming it would, the BIA did not fail to explain its decision. It is required "only to show that it has reviewed the record and grasped the movant's claims."[11] The BIA's order states that "the motion does not establish an exceptional situation warranting exercise of [the] limited discretionary power [to reopen proceedings *sua sponte*],"[12] and cites *Matter of H-Y-Z-*.[13] *H-Y-Z-* is sufficiently parallel to this case that, by citing it, the BIA showed that it

---

[7] *Calle-Vujiles v. Ashcroft*, 320 F.3d 472, 474-75 (3d Cir. 2003) (quoting *M.B. v. Quarantillo*, 301 F.3d 109, 112 (3d Cir. 2002)).

[8] *Park*, 846 F.3d at 651.

[9] *Id.* at 651, 653.

[10] Pet. Br. 15.

[11] *Sevoian v. Ashcroft*, 290 F.3d 166, 178 (3d Cir. 2002).

[12] JA 3.

[13] 28 I. & N. Dec. 156, 159-62 (BIA 2020).

3

"reviewed the record and grasped [Lin's] claims."[14]

The procedural history in *H-Y-Z-* is the same as here: the petitioner filed an asylum application that the immigration judge (IJ) held to be frivolous[15]—that is, "deliberately fabricated."[16] In *H-Y-Z-*, as here, the BIA dismissed the petitioner's appeal and the agency denied a motion to reopen.[17] Many years later (roughly fourteen years in both *H-Y-Z* and this case), the petitioner filed a second motion to reopen.[18]

In *H-Y-Z-*, the BIA explained that it does not reopen a case and vacate a frivolousness finding "[a]bsent a showing of prejudice on account of ineffective assistance of counsel, or a showing that clearly undermines the validity and finality of the finding."[19] The petitioner in *H-Y-Z-* did not make either showing, so the BIA denied the motion to reopen.[20] Here, by citing *H-Y-Z-*, the BIA indicated that Lin also failed to make either showing.[21] Thus, the BIA adequately explained its ruling.

Lin also fails to demonstrate the other possible basis for jurisdiction—that "the BIA has limited its [own] discretion."[22] Lin argues that the BIA did so through its holding in *H-Y-Z-* that limited the grounds for reopening and vacating a frivolousness finding to

---

[14] *Sevoian*, 290 F.3d at 178.
[15] 28 I. & N. Dec. at 156-57.
[16] 8 C.F.R. § 1208.20(a)(1).
[17] 28 I. & N. Dec. at 156.
[18] *Id.* at 156-57.
[19] *Id.* at 160.
[20] *Id.* at 161-62.
[21] *See id.*
[22] *Park*, 846 F.3d at 653.

(1) ineffective assistance of counsel (not applicable here) or (2) something that undermines the validity or finality of the finding.[23] According to Lin, the BIA impermissibly deviated from this rule because the frivolousness finding was invalid: prior to the IJ's finding, she says, she did not receive required warnings or have the chance to explain the issues with her testimony.

This argument, however, relies on law that was not in effect until well after the relevant time period. The regulation that applied to Lin's frivolous asylum application provided:

> [A]n applicant is subject to the provisions of section 208(d)(6) of the Act [making an alien "permanently ineligible for any benefits under this chapter" if he or she has "knowingly made a frivolous application for asylum"] only if the alien received the notice required by section 208(d)(4)(A) of the Act and a final order by an immigration judge or the Board of Immigration Appeals specifically finds that the alien knowingly filed a frivolous asylum application.[24]

During the relevant time period, Immigration and Nationality Act § 208(d)(4)(A) required that "[a]t the time of filing an application for asylum, the Attorney General shall . . . advise the alien . . . of the consequences . . . of knowingly filing a frivolous application for asylum."[25] Lin was so advised. Her asylum application form read, immediately above her signature: "*WARNING*: . . . . Applicants determined to have

---

[23] *H-Y-Z-*, 28 I. & N. Dec. at 160.
[24] 8 C.F.R. §§ 208.20(a), 1208.20(a); *see also* 8 U.S.C. § 1158(d)(6) for the inserted language.
[25] 8 U.S.C. § 1158(d)(4).

knowingly made a frivolous application for asylum will be permanently ineligible for any benefits under the Immigration and Nationality Act."[26]

As for Lin's argument that she did not have the chance to explain the issues with her testimony, the applicable regulation required that, "during the course of the proceedings, [Lin] . . . had sufficient opportunity to account for any discrepancies or implausible aspects of the claim."[27] The transcript of the asylum hearing shows that she had ample opportunity to testify about the matters that formed the basis of the frivolousness finding. In sum, Lin received the required warning and opportunity to explain.[28]

The IJ was required to "specifically find[] that [Lin] knowingly filed a frivolous asylum application."[29] Lin argues that the IJ fell short of this requirement, and the validity of the frivolousness finding was undermined, because the IJ found merely that her husband fabricated his asylum claim and that Lin's application differed from her

---

[26] JA 762.

[27] 8 C.F.R. §§ 208.20(a)(1), 1208.20(a)(1).

[28] Lin's application was determined to be frivolous in 2002. Several years later, the BIA provided additional guidance regarding frivolousness findings. *Matter of Y-L-*, 24 I. & N. Dec. 151, 159-60 (BIA 2007) ("[I]t would be a good practice for an Immigration Judge who believes that an applicant may have submitted a frivolous asylum application to bring this concern to the attention of the applicant prior to the conclusion of proceedings."); *Matter of B-Y-*, 25 I. & N. Dec. 236, 241 (BIA 2010) (the IJ must "identify[] the inconsistencies or other reasons relied upon in the frivolousness finding" and "make specific findings based on cogent reasoning that material aspects of the claim were deliberately fabricated"). Lin cites these cases, but she admits they post-date her frivolousness finding and does not argue they should apply retroactively.

[29] 8 C.F.R. §§ 208.20(a), 1208.20(a).

husband's. Upon examination of the IJ's decision, Lin's argument is unpersuasive.

The IJ discussed the discrepancies between Lin's asylum application and her husband's—that Lin conceived a child at a time when her husband stated that he was apart from Lin, and that the spouses differed about whether Lin was forcibly sterilized or underwent a forcible abortion. The IJ also found that Lin's testimony about her forced abortion was "incredible and illogical," and that it left "the impression that [she] was guessing as to what an abortion actually involved and had never undergone an abortion."[30] The IJ held that "[t]he main focus of [Lin's asylum] claim was the forced abortion," which he found "totally incredible."[31] Therefore, the IJ concluded that Lin "filed a frivolous application that is totally fabricated."[32] Lin's testimony about her abortion is unrelated to anything her husband stated in his asylum application, so the IJ found that Lin specifically—not just her husband—"knowingly filed a frivolous asylum application."[33]

Lin attempts to cast doubt on the validity of the frivolousness finding by pointing to an oddity in the procedural history of her case. In 2006, she filed her first motion to reopen based on changed country conditions; the motion did not mention the frivolousness finding. The BIA denied the motion on the merits and did not allude to the

---

[30] JA 505.
[31] JA 509.
[32] *Id.*
[33] 8 C.F.R. §§ 208.20(a), 1208.20(a).

fact that she was ineligible for immigration benefits due to her frivolous application. Lin argues on this basis that she lacked notice of the frivolousness finding and implies that this undermines the validity of the finding. We disagree. The fact that Lin got an additional bite at the apple, to which she was not entitled, does not cast doubt on the prior frivolousness finding.

Finally, Lin argues throughout her brief that the frivolousness finding deprived her of due process. Our jurisdiction to address due process claims by a petitioner seeking discretionary relief "is narrowly circumscribed in that it is limited to colorable [constitutional] claims."[34] Here, we have concluded that no statute or regulation was violated and that Lin was warned and given an opportunity to testify and explain her position. Lin received the due process protections to which she was entitled: "(1) factfinding based on a record produced before the decisionmaker and disclosed to . . . her; (2) the opportunity to make arguments on . . . her own behalf; and (3) an individualized determination of . . . [her] interests."[35] Because there is no colorable due process claim, we do not have jurisdiction to address this issue.

For these reasons, we will dismiss the petition.

---

[34] *Calderon-Rosas v. Att'y Gen.*, 957 F.3d 378, 384 (3d Cir. 2020) (emphasis omitted) (quoting *Pareja v. Att'y Gen.*, 615 F.3d 180, 186 (3d Cir. 2010)).
[35] *Id.* (internal quotation marks and citation omitted).