RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit Rule 206

File Name: 09a0377p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

_____

ISSAM MOHAMAD GHAZALI,

                *Petitioner,*

    *v.*

ERIC H. HOLDER, JR., United States Attorney
General,

                *Respondent.*

No. 08-4229

On Petition for Review from an Order
of the Board of Immigration Appeals.
No. A95 457 939.

Argued: October 7, 2009

Decided and Filed: October 29, 2009

Before: DAUGHTREY, SUTTON and McKEAGUE, Circuit Judges.

_____

**COUNSEL**

**ARGUED:** Ronald E. Kaplovitz, KAPLOVITZ & ASSOCIATES, P.C., Sylvan Lake, Michigan, for Petitioner. Patrick James Glen, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent. **ON BRIEF:** Ronald E. Kaplovitz, KAPLOVITZ & ASSOCIATES, P.C., Sylvan Lake, Michigan, for Petitioner. Patrick James Glen, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

_____

**OPINION**

_____

SUTTON, Circuit Judge. Issam Mohamad Ghazali, a native and citizen of Lebanon, argues that, once an immigration judge determines that an asylum petition is time barred, the judge no longer has authority to determine that the application is frivolous. The Board of Immigration Appeals disagreed, and so do we.

1

I.

In 1999, Ghazali entered the United States on a non-immigrant visa with authorization to stay until 2001.  When Ghazali overstayed his stay, the Immigration and Naturalization Service—now the Department of Homeland Security—initiated removal proceedings against him.  In 2004, an immigration judge found him removable.

Two years later, Ghazali filed an application for asylum, withholding of removal and protection under the Convention Against Torture, all of which the immigration judge denied.  The judge rejected Ghazali's withholding-of-removal and torture claims on the merits.  He then found Ghazali's asylum application statutorily barred because Ghazali did not apply for asylum within one year of entering the country, *see* 8 U.S.C. § 1158(a)(2)(B), and because he previously received asylum in Switzerland, *see id*. § 1158(a)(2)(A).  Even if the statutory bars did not preclude relief, the judge added, the asylum claim still failed on the merits because Ghazali did not provide credible testimony in support of it.  Ghazali, the judge reasoned, testified inconsistently with his own application, the testimony of his brother and other documentary evidence, and offered no credible evidence to corroborate his version of events.

The immigration judge separately determined that Ghazali deliberately fabricated material portions of his testimony and that his asylum application was frivolous.  *See* 8 C.F.R. § 1208.20.  Before making the frivolousness finding, the immigration judge orally warned Ghazali about the consequences of making a frivolous asylum application.  And at the hearing, after Ghazali testified inconsistently with the record evidence and with his brother's testimony, the judge gave him an opportunity to account for the discrepancies.  Unpersuaded by Ghazali's efforts to account for these inconsistencies, the judge found that Ghazali deliberately made up material elements of his testimony, noting:  (1) the testimony of Ghazali's brother contradicted Ghazali's statements that a gun battle occurred at his home in Lebanon before he fled the country; and (2) Ghazali's passport, which revealed that he returned to Lebanon in 1992 and 1994, plainly contradicted Ghazali's testimony that, once he left Lebanon in 1986, he did not return until 1998 out of fear for his life.  The frivolousness finding made Ghazali "permanently ineligible" for asylum.  *See* 8 U.S.C. § 1158(d)(6).

The Board of Immigration Appeals affirmed the judge's decision in all respects. As to the frivolousness finding, the Board determined that the immigration judge complied with the prerequisites for making such a finding by warning Ghazali of the consequences of filing a frivolous application, giving him an adequate opportunity to explain himself, making a specific finding of frivolousness and pointing to sufficient evidence in the record to support the finding. *See Matter of Y-L*, 24 I&N Dec. 151, 155 (BIA 2007) (setting forth the procedure that must be followed before an immigration judge may deem an application frivolous).

Ghazali moved for reconsideration and for the first time argued that the immigration judge had no authority to make a frivolousness finding once the judge determined that the petition was time barred. The Board denied the motion on the merits, concluding in a written order that the judge had authority to issue the time-bar ruling *and* find the application frivolous. Ghazali seeks review of this last ruling (and only this last ruling) here.

II.

A word about jurisdiction is in order. The Immigration and Nationality Act strips federal courts of jurisdiction to review decisions "specified under [8 U.S.C. §§ 1151-1381] to be in the discretion of the Attorney General," except for asylum determinations. 8 U.S.C. § 1252(a)(2)(B)(ii). We previously have reviewed the Board's denial of a reconsideration motion without considering whether it is committed to the Attorney General's "discretion" and thus subject to the jurisdiction-stripping provision. *See, e.g.*, *Sanusi v. Gonzales*, 474 F.3d 341, 345 (6th Cir. 2007). Yet the Seventh Circuit recently held that the provision eliminates appellate jurisdiction over denials of motions to reopen, *see Kucana v. Mukasey*, 533 F.3d 534, 539 (7th Cir. 2008), and a concurring opinion suggested that this reasoning might extend to denials of motions to reconsider, *id.* at 539–40 (Ripple, J., concurring). The Supreme Court has granted review of *Kucana*. *See Kucana v. Holder*, 129 S. Ct. 2075 (2009) (No. 08-911). Even if we accept for the sake of argument (though not argued by either party) that § 1252 applies to motions for reconsideration, that would not preclude review here. Ghazali's petition raises a "question[] of law," a statutory exception to the jurisdiction-stripping provision, *see* 8 U.S.C. § 1252(a)(2)(D), *Kucana*, 533 F.3d at 538, one unlikely to be affected by the Court's decision in *Kucana*.

As for the merits, Ghazali's petition raises a new question:  When an immigration judge determines that an asylum application is time barred, does that preclude the judge from also finding that the same application is frivolous?  The Board answered no, and so do we.

Nothing in the statute says that an immigration judge may enter a frivolousness finding only when the application is timely filed or otherwise free of statutory bars.  All it says is that an immigration judge may find an application frivolous upon determining that an alien, on notice of the  consequences of making a frivolous filing, "knowingly made a frivolous application for asylum."  8 U.S.C. § 1158(d)(6).  The statute does not contain an inflexible order of battle—to the effect that  immigration judges must address the statutory bars first and, once they do, may no longer make a frivolousness finding if a statutory bar applies.  The statute, indeed, does not confine the judge's authority to make a frivolousness finding only to the merits of the application, as opposed to the procedural hurdles that an applicant must clear before the agency will consider his application.  So far as the words of the statute are concerned, they permit the immigration judge to make a frivolousness finding about the merits of the asylum application (because the applicant, say, falsely claims that he has a well-founded fear of persecution in his home country) and about the timeliness of it (because the applicant, say, falsely claims that country conditions have changed, which would otherwise excuse the one-year filing requirement).

Nor is the time-bar provision akin to a restriction on subject matter jurisdiction that might require the immigration judge to address the procedural and substantive claims in a prescribed sequence.  *Cf. Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 93–94 (1998) (federal courts generally must address issues of subject matter jurisdiction before reaching the merits of a claim).  In this case, for example, the immigration judge reached the merits of the asylum application in part as an alternative ground for decision.  Ghazali points to nothing in the statute that prohibits the judge from doing just that—or for that matter from ruling on the merits rather than on a time-bar question if the merits offer a more straightforward ground for decision.  While federal judges generally may not assume away a difficult question of subject matter jurisdiction in order to reach an easy merits determination, *see id.*, the immigration statutes place no comparable constraint on an immigration judge.

The statute, it is true, says that time-barred applications "may be considered" if the alien shows changed circumstances, 8 U.S.C. § 1158(a)(2)(D), and that of course suggests, in the absence of the exception, that the time bar applies. But that is not the same as stripping the agency of jurisdiction to exercise its authority in a variety of ways: to issue alternative rulings, to reach the merits question first or to make a frivolousness finding with respect to a time-bar argument itself. *Cf. Arbaugh v. Y&H Corp.*, 546 U.S. 500, 516 (2006) (If Congress "clearly states that a threshold limitation on a statute's scope shall count as jurisdictional, then courts and litigants will be duly instructed . . . . But when Congress does not rank a statutory limitation . . . as jurisdictional, courts should treat the restriction as nonjurisdictional in character."). Indeed, to treat the time bar as jurisdictional here seems particularly odd given that the immigration judge plainly had jurisdiction to reach the merits of Ghazali's withholding-of-removal and CAT claims.

The implementing regulations also fail to place any such restriction on the immigration judge. They likewise say that "an applicant is subject to" a frivolousness determination upon a "specific[] find[ing] that the alien knowingly filed a frivolous asylum application." 8 C.F.R. § 1208.20. "[A]n asylum application," they add, "is frivolous if any of its *material* elements is deliberately fabricated." *Id.* (emphasis added). So far as the regulations are concerned, an immigration judge may make this finding whenever an alien files a frivolous application, regardless of whether the judge ultimately denies the application on statutory-bar or substantive grounds. The judge simply needs to ensure that the finding relates to a "material" element of the application, *id.*, one that was material at the time the application was "made." 8 U.S.C. § 1158(d)(6). All of that was true here, and so also was it true that the judge met the other requirements of the regulations: He gave Ghazali notice of the consequences of making a frivolous application, gave him an opportunity to respond to the allegation of frivolousness and gave ample reasons for finding the application frivolous.

Principles of administrative deference re-enforce this conclusion. "It is well settled that . . . *Chevron* deference [applies] to" the Board's interpretations of the Immigration and Nationality Act, "as it gives ambiguous statutory terms concrete meaning through a process of case-by-case adjudication." *Negusie v. Holder*, ___ U.S. ___, 129 S. Ct. 1159, 1163–64 (2009) (internal citations omitted). Invoking the Attorney General's authority to provide

"controlling" answers to "questions of law" arising under the Act, 8 U.S.C. § 1103(a)(1), the Board in this case expressly determined that an immigration judge could make a frivolousness finding with respect to a time-barred application. "[N]othing in the statutory or regulatory regime," it concluded, "divest[s] . . . authority to make a finding of frivolousness" on a statutorily barred application. J.A. 9. "[T]hat an asylum application is subject to a bar," it added, "does not mean that a deliberately fabricated element of the claim is not 'material' within the meaning of 8 C.F.R. § 1208.20 . . . .[,] particularly since the fabricated material element could also influence a grant of withholding of removal or protection under the Convention Against Torture." J.A. 9–10. The first explanation is entitled to *Chevron* deference, as it reflects the Board's reasonable construction of a statute that Congress empowered the agency authoritatively to construe. *Negusie*, 129 S. Ct. at 1163–64. The second explanation is entitled to near-conclusive *Seminole Rock* deference, as it reflects the Board's construction of its *own* regulations, namely the meaning of "material" elements of a claim. *See Bowles v. Seminole Rock & Sand Co.*, 325 U.S. 410, 414 (1945) (agency interpretation of its own regulation receives "controlling weight unless it is plainly erroneous or inconsistent with the regulation").

Not only is the Board's position entitled to *Chevron* and *Seminole Rock* deference, but it also has the virtue of being consistent with a premise of related case law in our circuit. In the past, we have upheld frivolousness findings even after the petitioner offered to withdraw an application voluntarily. The absence of an application, we held, "did not obviate the need for the IJ to determine whether his false application should be deemed frivolous." *Lazar v. Gonzles*, 500 F.3d 469, 476 (6th Cir. 2007); *see also Shllaku v. Gonzales*, 139 F. App'x 700, 701 (6th Cir. 2005). If Ghazali is right, one of the premises of these cases must be wrong. For how are the deliberately fabricated elements of an application any less "material" in today's case than they are when the petitioner voluntarily withdraws his application?

The Eleventh Circuit reads the statute and regulations the way we do. "[N]othing," it says, "divests an immigration judge of the authority to enter a ruling of frivolousness on an application for asylum that was found to be untimely." *Mingkid v. U.S. Att'y Gen.*, 468 F.3d 763, 768 (11th Cir. 2006). The Eighth Circuit likewise has affirmed a frivolousness

finding on a time-barred application, though it did not comment on the issue.  *Ignatova v. Gonzales*, 430 F.3d 1209, 1214 (8th Cir. 2005).

The Third Circuit sees it differently.  *See Luciana v. Att'y Gen. of the U.S.*, 502 F.3d 273, 280 (3d Cir. 2007).  "[W]hether 8 U.S.C. § 1158 provides authority to issue a frivolousness finding in the context of an untimely asylum application," it says, "is far from clear."  *Id.*  Noting that the regulations require the judge to determine that the alien "deliberately fabricated" a "material element[]" of his application, 8 C.F.R. § 1208.20, it reasons that any deliberate fabrications "going to the merits of the application" are not "material" because they cannot influence the disposition of an asylum application already barred by statute.  502 F.3d at 280–81.

We cannot embrace this position.  The Third Circuit did not consider a dispositive ground for embracing the Board's decision—agency deference—and may not even have had a Board determination on the issue in front of it.  (The parties' briefs in the case, for what it is worth, make no mention of the theory the Third Circuit embraced.  *See* Brief for Petitioner, *Luciana*, 502 F.3d 273 (No. 05-3544), 2005 WL 6061570; Brief for Respondent, *Luciana*, 502 F.3d 273 (No. 05-3544), 2006 WL 5411457).)  By contrast, in this case, the Board expressly rejected the Third Circuit's reasoning, finding "nothing in the statutory or regulatory regime" that supports its position.  J.A. 10.  The Third Circuit's reasoning, as shown, also is in tension with a premise of related case law in our circuit.  Ghazali offers no way to embrace the Third Circuit's position without forsaking a premise of *Lazar*, and we cannot think of one on our own.

The Third Circuit's reliance on the regulatory requirement that the falsity relate to a "material" aspect of the asylum application runs into another problem.  If the Third Circuit is right that a frivolousness finding is no longer "material" once the immigration judge decides that it is time barred, the same would be true if the judge decided that the application failed on a distinct merits ground, whether related to the underlying frivolousness finding or not.  For once that other ruling is a possibility, the same potential lack-of-materiality problem raises its head.  But immigration judges frequently offer a host of merits-related grounds for rejecting an asylum application, and they should be permitted to do so without compromising their authority to make a frivolousness finding when appropriate.

In addition to the Third Circuit's decision in *Luciana*, Ghazali offers two other bases for reversing the Board, both unpersuasive. "[T]he time bar rule," he claims, "divest[s] the court from having jurisdiction to consider anything to do with an asylum claim" and thus prevents an immigration judge from proceeding to consider the frivolousness of the application. Ghazali Br. 12. The time-bar provision, it is true, does not disclaim the possibility that the statutory bars are jurisdictional. *See* 8 U.S.C. § 1158(a)(2)(B). But neither does it say they are. The immigration judge plainly had jurisdiction over the merits of the asylum application at the time it was filed. And the reality that the judge identified a time bar did not prohibit it from reaching the frivolousness question any more than it would have prevented the judge from issuing an alternative merits ruling in the event his time-bar ruling was incorrect. *Cf. Arbaugh*, 546 U.S. at 516.

Ghazali adds that denying his application is penalty enough, and the frivolousness finding needlessly heaps on another penalty. But there is nothing gratuitous about this penalty. Why should Ghazali, who filed an untimely frivolous application, be treated better than an applicant who filed a timely frivolous application? Under Ghazali's theory, he would be free to file another application while the other applicant would not be, even though the only difference between them is that the second applicant *followed* the Act's timeliness requirements. If Ghazali is right, no good deed goes unpunished. If he is wrong, as we think he is, he gets his just deserts—at least relative to those who file timely, but fabricated, applications.

A final word. To say that immigration judges may make a frivolousness finding in the context of a time-barred application is not to say that they should. The finding has serious consequences for the applicant, and there is reason to worry that applicants (and their lawyers) may not defend themselves as well as they should in the context of an application that already is going nowhere.

III.

For these reasons, we deny the petition for review.