ALICE M. BATCHELDER, Chief Judge,
concurring.
I concur with the lead opinion’s conclusion that we do not have jurisdiction to review either the original decision of the Board of Immigration Appeals or their decision not to reopen proceedings sua sponte, and that Petitioner’s appeal must be dismissed. I write separately to contest the notion set forth in the lead opinion that “the Supreme Court’s recent decision in Kucana v. Holder, — U.S. -, 130 S.Ct. 827, — L.Ed.2d- (2010), casts considerable doubt on our circuit precedent that dictates” that we have no jurisdiction to review the BIA’s denial of Tushar Gor’s motion to reopen sua sponte.
The attempts of the lead opinion to make this case look like Kucana are creative but, ultimately, unconvincing. This case is fundamentally different from Kucana for two vitally important and, in my opinion, obvious reasons.
First, unlike the relevant arguments in Kucana — and unlike the lead opinion’s characterization of the government’s arguments here — the government here does not base its jurisdictional arguments on the text of 8 U.S.C. § 1252(a)(2)(B)(ii), which the lead opinion concedes was the basis for the Kucana decision. Lead Op. at 186-87. Instead, the government argues only that “[t]his Court lacks jurisdiction to review the Board’s refusal to sua sponte reopen because such determinations are committed to the Board’s unfettered discretion.” While the government made a nod to the jurisdiction-stripping provision of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996, Lead Op. at 187, the government’s analysis relies entirely on our relevant case law, Barry v. Mukasey, 524 F.3d 721, *194 723 (6th Cir.2008) (“the decision whether to invoke sua sponte authority under 8 C.F.R. § 1003.2(a) is committed to the unfettered discretion of the BIA and is therefore not subject to judicial review.”) (internal quotation marks and brackets omitted), and Harchenko v. INS, 379 F.3d 405, 410-11 (6th Cir.2004) (“The decision whether to invoke sua sponte authority is committed to the unfettered discretion of the BIA. Therefore, the very nature of the claim renders it not subject to judicial review.”) (internal citation and quotation marks omitted). In fact, nowhere in the government’s brief is § 1252 even mentioned.
Briefing in this case was completed prior to the Supreme Court’s decision in Kucana, and we had previously held that § 1252(a)(2)(B)(ii) proscribed judicial review of BIA denials of motions to reopen. Ghazali v. Holder, 585 F.3d 289, 291 (6th Cir.2009) (“The Immigration and Nationality Act strips federal courts of jurisdiction to review decisions specified under 8 U.S.C. §§ 1151-1381 to be in the discretion of the Attorney General.”) (internal quotation marks and brackets omitted). The government could have attempted to argue that § 1252 and Ghazali precluded review, but did not. It is therefore troubling that the lead opinion chooses to mischaracterize the government’s arguments. Doing so allows the lead opinion to create the illusion that this case is analogous to Kucana.
The second reason why this case differs from Kucana is the fact that there is a world of difference between the immigrant’s statutory right to file a motion to reopen, which was at issue in Kucana, and the discretionary right of the BIA — a right neither granted by nor addressed by Congress — to reopen sua sponte. The Kucana Court recognized this difference when it expressly declined to express any opinion “on whether federal courts may review the Board’s decision not to reopen removal proceedings sua sponte." Kucana, 130 S.Ct. at 839 n. 18. The lead opinion goes to great lengths to show why the Supreme Court’s express refusal to opine on the issue decided by our prior holdings in Barry and Harchenko should be viewed as an indication that the time has come to abandon those holdings. In doing so, the lead opinion ignores the huge gulf that separates a statutory right to move to reopen and a purely discretionary non-statutory power to reopen sua sponte.
The Kucana Court held that the text of § 1252 barred judicial review “only when Congress itself set out the Attorney General’s discretionary authority in the statute.” Id. at 837 n. 13. Any attempts to proscribe judicial review by regulation only, including 8 C.F.R. § 1003.2(a), were invalid. “Had Congress elected to insulate denials of motions to reopen from judicial review, it could have so specified.” Kucana, 130 S.Ct. at 838. The lead opinion here clearly interprets this language to mean that all BIA decisions must be subject to judicial review, except where Congress has expressly removed jurisdiction. When the power to reopen sua sponte is viewed in context, however, this conclusion is completely unsupportable.
The Kucana Court was faced with: (1) an express statutory right to file a motion to reopen proceedings; and (2) agency action that attempted to declare BIA responses to an immigrant’s exercise of that right off-limits to judicial review. The Court described the motion to reopen as “an ‘important safeguard’ intended ‘to ensure a proper and lawful disposition’ of immigration proceedings.” Id. at 834 (quoting Dada v. Mukasey, 554 U.S. 1, 128 S.Ct. 2307, 2317-19, 171 L.Ed.2d 178 (2008)). This safeguard had been put in place by Congress, id. at 838, and only an express removal of jurisdiction would suf *195 fice. Any ambiguity was to be resolved in favor of judicial review because the cannons of statutory construction establish a presumption of judicial review of administrative action. Id. at 839. None of the Kucana Court’s analysis applies, however, to the case before us.
The power of the BIA to reopen sua sponte arises only from its own regulations. Congress has taken no steps to establish an individual right applicable to Gor, and without Congressional action to establish a right, the firm requirement that only Congress may remove jurisdiction simply does not exist. No one has argued that the BIA was required to give itself the power to reopen proceedings sua sponte in the event it should decide that extraordinary circumstances warrant it, but the lead opinion concludes that once an agency determines that it will, on occasion, bend the rules in helpful ways, every person who might benefit from a bending of the rules has the right to challenge the agency’s decision not to do so.[1]
Harchenko and Barry remain good law because they were premised on the well-established principle that “review is not to be had if the statute is drawn so that a court would have no meaningful standard against which to judge the agency’s exercise of discretion.” Harchenko, 379 F.3d at 411 (quoting Heckler v. Chaney, 470 U.S. 821, 830, 105 S.Ct. 1649, 84 L.Ed.2d 714 (1985)). As we stated in Harchenko:
As other courts have noted, the discretion permitted by [8 C.F.R. § 1003.2(a) ] is “so wide that even if the party moving has made out a prima facie case for relief’, the BIA can deny a motion to reopen a deportation order. No language in the provision requires the BIA to reopen a deportation proceeding under any set of particular circumstances. Instead, the provision merely provides the BIA the discretion to reopen immigration proceedings as it sees fit.
Id. (citation omitted). The Harchenko and Barry panels concluded, as has nearly every other Circuit to consider the question, that the BIA’s exercise of its sua sponte authority was not reviewable because there was simply “no law to apply.” Citizens to Preserve Overton Park, Inc. v. Volpe, 401 U.S. 402, 410, 91 S.Ct. 814, 28 L.Ed.2d 136 (1971). As expressed in greater detail by the Eighth Circuit:
The statute governing motions to reopen speaks only to motions filed by a party; it does not establish any standard to guide the agency’s discretion whether to reopen on its own motion. The regulation establishing the BIA’s authority to reopen sua sponte was promulgated pursuant to a general grant of regulatory authority that sets no standards for this decision. The regulation itself, 8 C.F.R. § 1003.2(a), provides no guidance as to the BIA’s appropriate course of action, sets forth no factors for the BIA to consider in deciding whether to reopen sua sponte, places no constraints on the BIA’s discretion, and specifies no standards for a court to use to cabin the BIA’s discretion.
Tamenut v. Mukasey, 521 F.3d 1000, 1004 (8th Cir.2008) (internal citations omitted). Without a meaningful standard to apply, review of the BIA’s exercise of its discretion would become nothing more than a vehicle for obtaining judge-preferred results.
Because I believe this case differs fundamentally from Kucana, I believe that our prior holdings in Barry and Harchen *196 ho remain good law, and I cannot join the lead opinion in urging their abandonment.

. From a policy perspective, the lead opinion seems perfectly designed to assure that agencies will never again be willing to bend the rules in order to help those they are empowered to help.