# Matter of M-S-B-, Respondent

*Decided December 13, 2016*

U.S. Department of Justice
Executive Office for Immigration Review
Board of Immigration Appeals

(1) An untimely application for asylum may be found frivolous under section 208(d)(6) of the Immigration and Nationality Act, 8 U.S.C. § 1158(d)(6) (2012). *Luciana v. Att'y Gen. of U.S.*, 502 F.3d 273 (3d Cir. 2007), distinguished. *Matter of X-M-C-*, 25 I&N Dec. 322 (BIA 2010), followed.

(2) The respondent's asylum application is frivolous because he deliberately made a false statement postdating by more than 2 years his date of entry into this country, which is a material element in determining his eligibility to seek asylum given the general requirement to file the application within 1 year of the date of arrival in the United States.

FOR RESPONDENT: Elizabeth C. Surin, Esquire, Philadelphia, Pennsylvania

BEFORE: Board Panel: COLE, PAULEY, and WENDTLAND, Board Members.

PAULEY, Board Member:

In a decision dated June 2, 2014, an Immigration Judge found the respondent removable on his own admissions under section 237(a)(1)(B) of the Immigration and Nationality Act, 8 U.S.C. § 1227(a)(1)(B) (2012), as a nonimmigrant who remained in the United States longer than permitted. The Immigration Judge also determined that the respondent had knowingly made a frivolous application for asylum under section 208(d)(6) of the Act, 8 U.S.C. § 1158(d)(6) (2012), denied his application for adjustment of status in conjunction with a request for waivers of inadmissibility, and ordered him removed from the United States. The respondent has appealed from that decision. The appeal will be dismissed.

## I. FACTUAL AND PROCEDURAL HISTORY

The respondent is a native and citizen of Guinea who arrived in the United States on November 22, 1997, as a nonimmigrant visitor. In 2000, he filed an application for asylum in which he falsely stated that he arrived in the United States in December 1999, rather than in 1997, and that he was a Mauritanian slave. The former Immigration and Naturalization Service ("INS") denied the application for failure to provide sufficiently credible

evidence of timeliness and subsequently initiated removal proceedings. The respondent was ordered removed in absentia on October 10, 2002. His motion to rescind the removal order was granted on January 24, 2012.

The respondent withdrew his asylum application before the Immigration Judge and sought adjustment of status in conjunction with waivers of inadmissibility. The Immigration Judge found that the respondent had deliberately fabricated his entry date in his asylum application, which the respondent does not now dispute, and determined that he knowingly made a frivolous application. Citing *Luciana v. Attorney General of the United States*, 502 F.3d 273 (3d Cir. 2007), a decision of the United States Court of Appeals for the Third Circuit, in whose jurisdiction this case arises, the respondent argued that his asylum application could not be found to be frivolous because it was filed out of time and no exceptions to the filing deadline applied, so any fabricated elements would not be "material" to his claim. The Immigration Judge disagreed and concluded that the respondent was barred by section 208(d)(6) of the Act from applying for adjustment of status and the waivers he sought.

The respondent argues on appeal that the Immigration Judge erred in making a finding that his asylum application was frivolous under section 208(d)(6) of the Act in light of the Third Circuit's decision in *Luciana*.

## II. ISSUE

The question before us is whether an application for asylum that was untimely filed can be found frivolous under section 208(d)(6) of the Act.

## III. LEGAL BACKGROUND

Section 208(d)(6) of the Act provides as follows:

> If the Attorney General determines that an alien has knowingly made a frivolous application for asylum and the alien has received the notice under paragraph (4)(A), the alien shall be permanently ineligible for any benefits under this chapter, effective as of the date of a final determination on such application.

We first interpreted the section 208(d)(6) bar to relief in *Matter of Y-L-*, 24 I&N Dec. 151, 153–63 (BIA 2007), where we outlined a four-part framework for deciding whether an alien's application for asylum is frivolous. First, the respondent must receive the notice of the consequences of filing a frivolous application for asylum required by section 208(d)(4)(A) of the Act. Second, the Immigration Judge or the Board must make a specific finding that the respondent knowingly filed a frivolous asylum application. Third, there must be adequate evidence in the record to

support the finding that a material element of the asylum application has been deliberately fabricated. Specifically, "the Immigration Judge must provide cogent and convincing reasons for finding by a preponderance of the evidence that an asylum applicant knowingly and deliberately fabricated material elements of the claim." *Id.* at 158; *see also* 8 C.F.R. § 1208.20 (2016) (providing that an asylum application is frivolous if any of its "material elements" has been fabricated). Finally, there must be an indication that the respondent has been afforded sufficient opportunity to account for any discrepancies or implausible aspects of the claim.

We clarified that decision in *Matter of B-Y-*, 25 I&N Dec. 236, 240 (BIA 2010), where we noted that an Immigration Judge need not "separate and repeat those aspects of the credibility determination that overlap with the frivolousness determination" but may incorporate by reference factual findings made in support of an adverse credibility determination. We recognized, however, that unlike an adverse credibility determination, a frivolousness determination "requires explicit findings as to 'materiality' and 'deliberate fabrication,'" so an Immigration Judge must assess an alien's explanations for inconsistencies or discrepancies separately. *Id.*

In *Matter of X-M-C-*, 25 I&N Dec. 322, 324−25 (BIA 2010), we held that a frivolousness finding may even be made where no final decision has been issued on the merits of the underlying asylum application because "the only action required to trigger a frivolousness inquiry is the filing of an asylum application." Moreover, where the required frivolousness warnings were provided and the safeguards under *Matter of Y-L-* have been followed, a respondent's withdrawal of an asylum application does not preclude an Immigration Judge or the Board from making a frivolousness determination. *Id.* at 325−26.

## IV. ANALYSIS

In making his frivolousness finding, the Immigration Judge determined that the respondent received sufficient notice of the consequences of filing a frivolous asylum application, as required by *Matter of Y-L-*. The Immigration Judge observed that the respondent not only received the warnings on the Application for Asylum and Withholding of Removal (Form I-589) but also signed a declaration of oath at his asylum interview that included the consequences of a frivolous application for asylum. The declaration of oath further indicates that the respondent was informed through an interpreter of the consequences of filing a frivolous application. The respondent does not contest that he received the requisite notice of the consequences of filing a frivolous application, as contemplated by section

208(d)(4)(A) of the Act and 8 C.F.R. § 1240.11(c)(1)(iii) (2016), and we therefore do not address that matter any further.

The Immigration Judge also determined that the respondent knowingly filed a frivolous asylum application. In particular, he found that the respondent was not credible when he testified he was unaware that his asylum application contained false statements regarding his entry date and that he had been a Mauritanian slave. The Immigration Judge considered the respondent's lack of credible testimony in conjunction with documentary evidence in the record indicating that the respondent proceeded with an asylum interview in his native language of Fulani. The respondent does not challenge the Immigration Judge's finding that he knowingly made these misrepresentations in his asylum application.

Finally, the Immigration Judge determined that a material element of the respondent's asylum application had been deliberately fabricated because he misrepresented the date of his entry into the United States. To that end, the Immigration Judge found that the falsified date on the respondent's application was directly material to whether he satisfied the 1-year filing deadline under section 208(a)(2)(B) of the Act and therefore whether he had met the threshold requirement for seeking asylum. The Immigration Judge distinguished the Third Circuit's decision in *Luciana*, observing that the respondent's misrepresentation was material to whether his asylum application was time barred, whereas the misrepresentation of the petitioner in *Luciana* was irrelevant to the timeliness of her application.

But for the frivolousness bar in section 208(d)(6) of the Act, the Immigration Judge would have granted the respondent's application for adjustment of status based on his determination that the respondent is otherwise eligible for that relief. However, in light of our disposition of this case, we need not reach the Immigration Judge's alternate analysis in this regard.

## A. *Luciana*

Although the respondent challenges the Immigration Judge's conclusion that he misrepresented a material element of his application, he does not otherwise dispute the Immigration Judge's determination that he filed a frivolous asylum application under the pertinent regulatory framework. *See* 8 C.F.R. § 1208.20; *see also Matter of Y-L-*, 24 I&N Dec. at 155. Therefore, we need only address whether the Immigration Judge properly concluded that the respondent's misrepresentation of his date of entry in his asylum application is "material."

The respondent asserts that, in light of the Third Circuit's decision in *Luciana*, no time-barred asylum application is subject to the frivolousness

bar in section 208(d)(6) of the Act.  He contends that *Luciana* stands for the proposition that if an asylum application is untimely and no qualifying exception to the filing deadline applies, any misrepresentation in the application is immaterial because the merits are never reached.  Therefore, according to the respondent, the Immigration Judge erred in making a frivolousness determination in his case because his asylum application was untimely and no exceptions to the filing deadline applied.  We disagree.

In *Luciana*, the Third Circuit reversed our determination that an alien had filed a frivolous asylum application in which she misrepresented the facts underlying her claim of past persecution, concluding that her false statement was not material because the application was time barred.  The court stated in dicta that it was "far from clear" whether Immigration Judges have authority to issue a frivolousness determination in the context of a time-barred asylum application, but it declined to reach that issue. *Luciana*, 502 F.3d at 280.  We are not persuaded by the respondent's argument that the Third Circuit's decision prevents an Immigration Judge from making a frivolousness finding in every circumstance involving a time-barred asylum application.

The alien in *Luciana* made a misrepresentation that went solely to the merits of her asylum application—namely, the facts underlying her claim of past persecution.  Her false statement, unlike the respondent's, did not go to the timeliness of her asylum application.  The Third Circuit reasoned that once it was clear that the alien's application was untimely, her misrepresentation regarding the merits of her application "was of no consequence, no matter how persuasive or compelling it might have been." *Id.*  Therefore, the court concluded that because the statement "was totally incapable of influencing the decision-makers," it was not material. *Id.*

We agree with the Immigration Judge that the respondent's case is distinguishable from *Luciana* because the misrepresentation of his date of entry concerns a threshold question regarding his eligibility to seek asylum.[1]  Specifically, the respondent stated that his entry date was more than 2 years later than his actual entry date, which was some 3 years before he sought asylum.  This misrepresentation could have influenced the former INS's decision on whether his application for asylum was timely under the general requirement that he file the application within 1 year of the date of arrival in the United States, which, in this case, was dispositive of his

---

[1]  As previously noted, the Immigration Judge based his frivolousness finding solely on the respondent's deliberate misrepresentation of his entry date and not on the fabrication that he was a Mauritanian slave, which goes to the merits of his claim for asylum.  The Immigration Judge recognized that, under *Luciana*, the latter fabrication may not be "material" to the respondent's application.

eligibility for such relief. *See* section 208(a)(2)(B) of the Act; 8 C.F.R. § 1208.4(a)(2) (2016). Thus, the Immigration Judge properly found the respondent's misrepresentation to be material because it was "capable of influencing" the decision-maker regarding his eligibility to seek asylum. *Luciana*, 502 F.3d at 280 (quoting *Kungys v. United States*, 485 U.S. 759, 770 (1988)); *see also Matter of Y-L-*, 24 I&N Dec. at 159.

We find support for our conclusion that *Luciana* is distinguishable in *Kalilu v. Mukasey*, 548 F.3d 1215 (9th Cir. 2008). In that case, the Ninth Circuit rejected the alien's reliance on *Luciana*, noting that the misrepresentation regarding his date of entry "went to the very question of whether his application was time-barred in the first instance." *Id.* at 1217 n.2; *see also Kulakchyan v. Holder*, 730 F.3d 993, 995–96 (9th Cir. 2013) (citing *Kalilu* and concluding that a misrepresentation in an asylum application about the date of entry is material).

Because *Luciana* involved different circumstances, it does not preclude a determination that an untimely application for asylum may be found frivolous under section 208(d)(6) of the Act. We hold that, absent contrary controlling authority, a time-barred asylum application may be determined to be frivolous where it contains a deliberate misrepresentation regarding the applicant's date of entry that is material to the threshold question of the applicant's eligibility to seek asylum. A contrary holding is not required by the Third Circuit's decision in *Luciana*. We therefore reject the respondent's contention that the Immigration Judge's determination of frivolousness was improper solely because his asylum application was time barred.

## B. *Matter of X-M-C-*

The Third Circuit's decision in *Luciana* is not controlling in this case. However, to the extent it holds that any deliberate fabrication relating to the merits in a time-barred asylum application is immaterial for purposes of the section 208(d)(6) frivolousness bar, we recognize that it is inconsistent with our decision in *Matter of X-M-C-*. *Luciana*, 502 F.3d at 280.

As we held in *Matter of X-M-C-*, 25 I&N Dec. at 324, the materiality of a fabricated element of an asylum application is determined at the time the application is filed. Because the inquiry whether an asylum application is frivolous is triggered once it is "made" or "filed," a frivolousness finding can be issued in the absence of a final decision on the merits. *Id.*; *see also Yousif v. Lynch*, 796 F.3d 622, 633 (6th Cir. 2015) (collecting cases and observing that "the Board and the courts almost uniformly permit an [Immigration Judge] to make a frivolousness finding as long as the [Immigration Judge] finds that the misrepresentations were material to the

application when the application was filed, even if the application was later mooted for some other reason"). Therefore, an applicant who has deliberately fabricated a potentially dispositive element of an asylum application may be subject to the frivolousness bar in section 208(d)(6) of the Act even where he or she is ineligible for, or statutorily barred from, asylum on another ground.

In *Ghazali v. Holder*, 585 F.3d 289, 291–94 (6th Cir. 2009), the Sixth Circuit held that Immigration Judges have authority to issue frivolousness findings in connection with asylum applications that are time barred. Notably, the court determined that an Immigration Judge has jurisdiction over the merits of an asylum application once it is filed and that the time bar provision in section 208(a)(2)(B) of the Act does not expressly preclude an Immigration Judge from either ruling on the merits of the application or finding that it is untimely and alternatively ruling on its merits.[2]

Further, the court reasoned that a frivolousness finding need only relate to an element that was material when the asylum application was "made." *Id.* at 292−93 (quoting section 208(d)(6) of the Act). Thus, because an Immigration Judge can deny an asylum application on the merits without ever reaching the issue of timeliness, an Immigration Judge may likewise issue a frivolousness finding without regard to whether the underlying asylum application is time barred.

The Sixth Circuit also rejected the Third Circuit's holding in *Luciana* that deliberate fabrications relating to the merits of an asylum application are immaterial once the application is determined to be time barred. *Id.* at 294. The court noted that under the Third Circuit's reasoning, once an Immigration Judge decides that an asylum application is untimely, any insufficiency in the alien's application related to the merits of the claim that supports the denial of relief would also be deemed immaterial, whether it is related to the underlying frivolousness finding or not. Instead, the Sixth Circuit concluded, Immigration Judges should be allowed to deny an asylum application on alternative merits-related grounds without relinquishing the authority to make a frivolousness finding.

Based on the reasoning in *Ghazali*, we are persuaded that neither the materiality requirement under 8 C.F.R. § 1208.20 nor the time-bar

---

[2]   The Sixth Circuit noted that "treat[ing] the time bar as jurisdictional seems particularly odd" given that Immigration Judges clearly have jurisdiction over the merits of an alien's application for withholding of removal, regardless of whether the asylum application is timely filed. *Ghazali*, 585 F.3d at 292. We agree, because the merits of a withholding of removal application are intertwined with those of a concurrently filed asylum application. *See* 8 C.F.R. § 1208.3(b) (2016) ("An asylum application shall be deemed to constitute at the same time an application for withholding of removal . . . .").

provision under section 208(a)(2)(B) of the Act precludes an Immigration Judge from making a frivolousness finding in cases involving time-barred applications for asylum, including cases in which the fabrications relate to the merits. *See also Mingkid v. U.S. Att'y Gen.*, 468 F.3d 763, 768 (11th Cir. 2006) (finding "nothing, jurisdictional or otherwise, that divests an [I]mmigration [J]udge of the authority to enter a ruling of frivolousness on an application for asylum that was found to be untimely"); *cf. Kulakchyan*, 730 F.3d at 995–96 (observing that an alien's misrepresentation in an asylum application regarding the date of entry is material where it goes to the question whether the application was time barred); *Ignatova v. Gonzales*, 430 F.3d 1209, 1214 (8th Cir. 2005) (affirming a frivolousness finding made with respect to a time-barred asylum application).[3] We will therefore continue to follow our precedent decision in *Matter of X-M-C-* and decline to follow the Third Circuit's contrary holding in *Luciana* outside of that circuit.

Because we are not persuaded that there are any legal or clear factual errors in the Immigration Judge's determination that the respondent's asylum application was frivolous, we will affirm his conclusion that the respondent is barred from relief by section 208(d)(6) of the Act.

## V. CONCLUSION

We conclude that the Immigration Judge properly determined that the respondent's asylum application is frivolous since he deliberately made a false statement postdating by more than 2 years his date of entry into this country, which is a material element in determining his eligibility to seek asylum given the general requirement to file the application within 1 year of the date of arrival in the United States. The respondent is therefore barred from relief from removal under section 208(d)(6) of the Act. Accordingly, the respondent's appeal will be dismissed.

**ORDER:** The appeal is dismissed.

---

[3] No sources of regulatory or legislative history that meaningfully address the interplay between the frivolousness bar in section 208(d)(6) of the Act and the asylum time-bar provision in section 208(a)(2)(B) have been identified by the courts of appeals, and we are unaware of any.