# Matter of S-M-H-, Respondent

*Decided January 21, 2026*

U.S. Department of Justice
Executive Office for Immigration Review
Board of Immigration Appeals

The written warnings on the respondent's initial asylum application provided the respondent with statutorily compliant notice of the consequences of filing a frivolous application, irrespective of the absence of oral warnings by an Immigration Judge. *Matter of X-M-C-*, 25 I&N Dec. 322 (BIA 2010), clarified.

FOR THE RESPONDENT: Khanh N. Nguyen, Minneapolis, Minnesota

BEFORE: Board Panel: MONTANTE, OWEN, and GALLOW, Appellate Immigration Judges.

GALLOW, Appellate Immigration Judge:

In a decision dated April 12, 2022, the Immigration Judge found the respondent, a native and citizen of Somalia, permanently ineligible for any benefits under the Immigration and Nationality Act ("INA") because she knowingly filed a frivolous application for asylum. The respondent appeals that decision.[1] The Department of Homeland Security ("DHS") has not responded to the appeal. We will affirm the Immigration Judge's frivolousness finding and dismiss the appeal.

## I. BACKGROUND

The record of proceedings indicates that in 1998, the respondent completed, signed, and filed an Application for Asylum and for Withholding of Removal (Form I-589) with the former Immigration and Naturalization Service ("INS"), claiming to have just arrived from a refugee camp in Kenya. On the asylum application, the respondent stated that she was a citizen of Somalia and did not indicate citizenship from any other countries. The former INS denied the respondent's asylum application and placed her in removal proceedings, charging her with removability under section 237(a)(1)(A) of the INA, 8 U.S.C. § 1227(a)(1)(A) (Supp. V 1999), as an

---

[1] The Immigration Judge issued a separate order on April 13, 2022, finding the respondent removable as charged and ordering her removed to Canada. We deem the respondent's appeal to encompass both the April 12, 2022, decision, and the April 13, 2022, removal order.

alien who, at the time of entry, was not in possession of a valid unexpired immigrant visa, reentry permit, border crossing identification card, or other valid entry document. The respondent renewed her request for asylum and related relief before the Immigration Judge, alleging she and her family suffered harm in Somalia based on their membership in a minority clan.

On August 27, 1999, an Immigration Judge denied the respondent's applications for asylum and related relief, finding the respondent not credible based on numerous inconsistencies and implausibilities in the respondent's testimony, the weakness of her corroborative evidence, and omissions from her application. The Immigration Judge surmised that "the respondent may be hiding facts which are important in assessing the case and which may show that the respondent is not entitled to the relief in question." The respondent appealed the Immigration Judge's decision and filed a motion to remand based on her subsequent marriage to a United States citizen. The Board granted the respondent's motion and remanded proceedings. On Aprill 11, 2005, an Immigration Judge granted the respondent's application for adjustment of status under section 245(a) of the INA, 8 U.S.C. § 1255(a) (Supp. V 2005).

On May 2, 2019, DHS filed a motion to reopen and rescind the respondent's lawful permanent resident status based on fraud. Specifically, DHS alleged that the respondent failed to disclose on her asylum application that she obtained citizenship in Canada under a different identity in 1998. A prior Immigration Judge granted DHS' motion to reopen. On April 12, 2022, the current Immigration Judge found that the respondent filed a frivolous asylum application and was therefore ineligible for any benefits under the INA. The Immigration Judge then issued a removal order to Canada.

## II. LEGAL STANDARD

Section 208(d)(6) of the INA, 8 U.S.C. § 1158(d)(6) (2024), provides that if the respondent has knowingly made a frivolous application for asylum and received notice of the consequences, the respondent shall be permanently ineligible for any benefits under the INA. "[A]n asylum application is frivolous if any of its material elements is deliberately fabricated." 8 C.F.R. § 1208.20 (2020). "An element of a claim is 'fabricated' when it misrepresents the truth." *Matter of Y-L-*, 24 I&N Dec. 151, 156 (BIA 2007). "A 'deliberate' fabrication involves a knowing and intentional misrepresentation of the truth." *Id.* A fabrication "is material if it 'has a natural tendency to influence . . . the decision of' the decisionmaking body to which it was addressed." *Matter of B-Y-*, 25 I&N Dec. 236, 244 (BIA 2010) (citation omitted).

A finding that an asylum application is frivolous requires "(1) notice to the alien of the consequences of filing a frivolous application; (2) a specific finding by the Immigration Judge or the Board that the alien knowingly filed a frivolous application; (3) sufficient evidence in the record to support the finding that a material element of the asylum application was deliberately fabricated; and (4) an indication that the alien has been afforded sufficient opportunity to account for any discrepancies or implausible aspects of the claim." *Matter of Y-L-*, 24 I&N Dec. at 155. An "Immigration Judge must provide cogent and convincing reasons for finding by a preponderance of the evidence that an asylum applicant knowingly and deliberately fabricated material elements of the claim." *Id.* at 158.

## III. ANALYSIS

We affirm the Immigration Judge's determination that the respondent filed a frivolous application. On December 14, 2018, the respondent averred that she became a citizen of Canada in May 1998 under a different name. She did not disclose this information on her asylum application. The respondent does not challenge the Immigration Judge's findings that she deliberately fabricated a material element of her asylum claim and had a sufficient opportunity to explain the discrepancies and implausibilities in her claim. Those issues are therefore waived on appeal. *See Matter of P-B-B-*, 28 I&N Dec. 43, 44 n.1 (BIA 2020) (stating that arguments not raised on appeal are deemed waived).

The INA requires that at the time of filing an application for asylum, an applicant be advised of the consequences of knowingly filing a frivolous application. INA § 208(d)(4), 8 U.S.C. § 1158(d)(4). On appeal, the respondent contends that she was not given sufficient notice of the consequences of filing a frivolous application because the presiding Immigration Judge in 1999 did not provide the warning either orally or in writing. We agree with the Immigration Judge that the written warning on the respondent's initial asylum application filed with the former INS provided the respondent with statutorily compliant notice at the time of filing of the consequences of filing a frivolous application. Specifically, the Form I-589 application she submitted had a warning in Part E of the application that states, "Applicants determined to have knowingly made a frivolous application for asylum will be permanently ineligible for any benefits under the Immigration and Nationality Act."[2] It is undisputed that the respondent signed Part E of the application, acknowledging the consequences of filing a frivolous asylum application. The respondent is

---

[2] The current version of Form I-589 has the same warning in Part D of the application.

presumed to be familiar with the contents of the application she signed. 8 C.F.R. § 1208.3(c)(2) (2025); *see also Matter of A.J. Valdez and Z. Valdez*, 27 I&N Dec. 496, 499 (BIA 2018).

The INA does not require that the frivolousness warning be given by an Immigration Judge, nor does it prescribe the manner in which it must be given. *See* INA § 208(d)(4), (6), 8 U.S.C. § 1158(d)(4), (6). While the United States Court of the Appeals for the Eighth Circuit, in which jurisdiction this case arises, has not addressed this issue, this position has been widely accepted by other circuit courts.

For example, the Sixth Circuit recently held in *Khaytekov v. Garland*, 26 F.4th 751, 758–60 (6th Cir. 2022), that the written warning on the alien's asylum application satisfies the statutory notice requirement and that "[n]othing in [section 208(d)(6) of the INA] requires immigration judges to give verbal notice on top of the application's written notice." Likewise, multiple other circuits have held that written warnings on the asylum application are sufficient statutory notice, concluding that the INA does not require that the warnings be given by an Immigration Judge. *See Ndibu v. Lynch*, 823 F.3d 229, 234–35 (4th Cir. 2016); *Niang v. Holder*, 762 F.3d 251, 254 (2d Cir. 2014); *Ruga v. U.S. Atty. Gen.*, 757 F.3d 1193, 1196–97 (11th Cir. 2014); *Pavlov v. Holder*, 697 F.3d 616, 618 (7th Cir. 2012); *Cheema v. Holder*, 693 F.3d 1045, 1049–50 (9th Cir. 2012); *Ribas v. Mukasey*, 545 F.3d 922, 929–30 (10th Cir. 2008).

Under the respondent's line of reasoning, an alien who seeks asylum outside of the context of removal proceedings could never be subject to the consequences of filing a frivolous asylum application. The regulation governing notice for asylum applications filed before United States Citizenship and Immigration Services is identical to the regulation governing notice for asylum applications filed before the Immigration Judge. *Compare* 8 C.F.R. § 208.20 (2020), *with* 8 C.F.R. § 1208.20. Both regulations require notice that comports with section 208(d)(4) of the INA, 8 U.S.C. § 1158(d)(4). Because the statute requires notice be provided "[a]t the time of filing," INA § 208(d)(4), 8 U.S.C. § 1158(d)(4), if the statute were interpreted to require oral notice by an Immigration Judge, then the frivolousness bar would not apply to applications, like the respondent's, not originally filed with the Immigration Judge. *See Niang*, 762 F.3d at 254 ("The warning on the asylum application form itself, therefore, is the only means under the current regulatory scheme by which notice may be given at the time of filing, regardless of the manner of filing.").

We recognized that in *Matter of X-M-C-*, 25 I&N Dec. 322, 326 (BIA 2010), we noted that "the warnings provided on asylum applications and verbally given by Immigration Judges" gave aliens proper notice of the consequences of filing a frivolous asylum application. To the extent this could be interpreted to suggest that oral warnings are required, as discussed above, the language of the statute does not require oral warnings given by the Immigration Judge and no circuit court has concluded otherwise. Thus, we now clarify that the warning language in the asylum application constitutes clear notice of the consequences for filing a frivolous asylum application and complies with the notice obligation under the INA.

The respondent also argues that a frivolousness finding is erroneous because she withdrew her asylum application. However, "a respondent's withdrawal of an asylum application does not preclude the Immigration Judge or Board from making a frivolous determination." *Matter of M-S-B-*, 26 I&N Dec. 872, 874 (BIA 2016). To the extent *Matter of X-M-C-*, 25 I&N Dec. at 327, suggests that an application withdrawn prior to oral warnings precludes a frivolousness finding, we now clarify that the warnings included in the asylum application satisfy the statutory notice obligations, and therefore an applicant cannot seek to avoid the consequences of filing a frivolous application by later withdrawing it, regardless of whether the Immigration Judge provided a frivolousness warning.

Moreover, we agree with the Immigration Judge that DHS did not waive the frivolousness argument by failing to raise the issue previously. "There is no statute of limitations with respect to making a determination of frivolousness . . . ." *Matter X-M-C-*, 25 I&N Dec. at 325 n. 3. The fact that DHS was not aware of the frivolousness of the respondent's asylum application at the time it was adjudicated by the Immigration Judge does not prevent the Immigration Judge from later determining that the respondent filed a frivolous application and does not relieve her of the consequences tied to such filing. Because the respondent knowingly filed a frivolous asylum application despite having received proper notice of the consequences of filing a frivolous application, she is permanently ineligible for any benefits under the INA. INA § 208(d)(6), 8 U.S.C. § 1158(d)(6).

Lastly, we discern no error in the Immigration Judge's designation of Canada as the country of removal. *See* INA § 241(b)(2), 8 U.S.C. § 1231(b)(2) (2024) (discussing countries to which aliens may be removed). The respondent does not dispute that she acquired citizenship in Canada. She also, through then-counsel, admitted the allegations in the 1999 notice to appear, conceded removability, and declined to designate a country of removal. DHS later designated Canada based on the respondent's admission

to Canadian citizenship. Thus, the Immigration Judge properly ordered her removed to Canada. *See* INA § 241(b)(2)(D), 8 U.S.C. § 1231(b)(2)(D).

While the respondent argues on appeal that she sought to challenge the allegations and charge in the 1999 notice to appear, the Immigration Judge advised the respondent to do so by filing a motion to terminate, which she never did. Thus, the issue of removability is not properly before us. *See Matter of W-Y-C- & H-O-B-*, 27 I&N Dec. 189, 190 (BIA 2018) (stating that the Board "generally will not consider an argument or claim that could have been, but was not, advanced before the Immigration Judge"), *aff'd sub nom. Cantarero-Lagos v. Barr*, 924 F.3d 145 (5th Cir. 2019). As the respondent has not sought protection from Canada and is not eligible for any benefits under the INA, we affirm the Immigration Judge's decision ordering her removed.[3]

## IV. CONCLUSION

The written warnings on the respondent's initial asylum application provided the respondent with statutorily compliant notice of the consequences of filing a frivolous application, irrespective of the absence of oral warnings by an Immigration Judge. The withdrawal of an asylum application does not preclude a frivolousness determination and there is no statute of limitations with respect to making a frivolousness determination. Because the respondent knowingly filed a frivolous asylum application despite having received proper notice of the consequences of filing a frivolous application, she is permanently ineligible for any benefits under the INA.

**ORDER:** The respondent's appeal is dismissed.

**NOTICE:** If a respondent is subject to a final order of removal and willfully fails or refuses to depart from the United States pursuant to the order, to make timely application in good faith for travel or other documents necessary to depart the United States, or to present himself or herself at the time and place required for removal by DHS, or conspires to or takes any action designed to prevent or hamper the respondent's departure pursuant to the order of removal, the respondent shall be subject to a civil monetary penalty of up to $998 for each day the respondent is in violation. *See* INA § 274D, 8 U.S.C. § 1324d (2024); 8 C.F.R. § 280.53(b)(14) (2025). Further,

---

[3] The respondent makes no arguments that she has retained her lawful permanent resident status. *See* 8 C.F.R. § 1001.1(p) (noting that lawful permanent resident status "terminates upon entry of a final administrative order of exclusion, deportation, or removal.").

any respondent that has been denied admission to, removed from, or has departed the United States while an order of exclusion, deportation, or removal is outstanding and thereafter enters, attempts to enter, or is at any time found in the United States shall be fined or imprisoned not more than two years, or both. *See* INA § 276(a), 8 U.S.C. § 1326(a) (2024).